BENJAMIN S. RUSSELL *vs.* STILES F. MONSON.

By the " next Supreme Court of Errors," to which by statute a motion in error is
    to be brought, is intended the next court after the filing of the motion and not
    after the close of the term.
An appeal will lie by a defendant from an adverse judgment of a justice of the
    peace on a plea in abatement.
An appeal was taken from a justice of the peace to the superior court and a bond
    properly taken on the appeal by a recognizance, but the justice in afterwards
    writing out the bond described the court to which the appeal was taken as the
    county court instead of the superior court. Held, that the mistake was a clerical
    one that could be amended and did not invalidate the appeal.
But whether it was necessary that the bond should be written out at all :—*Quære.*

ACTION on the case, brought before a justice of the peace
in Litchfield county. The defendant pleaded in abatement,
which plea the plaintiff traversed, and the justice rendered a
judgment that the defendant answer over to the action. From
this judgment the defendant appealed to the superior court
next to be holden in Litchfield county, giving bond with
surety by recognizance to prosecute the appeal. In writing
out the bond in the appeal papers the justice described the
court to which the appeal was taken as the *county court* in-
stead of the *superior court*. In the superior court, before
*McCurdy, J.*, the defendant moved that the case be erased
from the docket, on the ground that an appeal would not lie

from a judgment of *respondeas ouster*, and because the bond taken on the appeal was for the defendant's appearance before a different court, and the judge granted the motion and ordered that the case be stricken from the docket. The plaintiff thereupon filed a motion in error, which was allowed, and brought the record before this court for revision. The motion was filed during the April term of the superior court for the year 1866, and was taken to the Supreme Court of Errors at its April term in Litchfield county. That term was the next term after the filing and allowance of the motion in error, but was not the next term after the April term of the superior court, which continued beyond the session of the Supreme Court. The statute regulating the time within which motions in error shall be filed and the court to which they shall be taken is stated in the opinion.

In this court the defendant pleaded in abatement to the motion in error, that it was not taken to the term of the court required by the statute, which question was considered with the other questions in the case.

*O. S. Seymour* and *Colhren,* for the plaintiff.

*H. B. Munson,* for the defendant.

CARPENTER, J. The time limited by statute for filing a motion in error is twenty-four hours after final judgment, with a discretionary power in the superior court to extend it to any time not exceeding ten days; which motion must be " that the record in such cause may be transmitted to the *next Supreme Court of Errors* which would have cognizance of a motion for a new trial in the cause, &c." And a motion for a new trial shall be reserved " for the advice of the Supreme Court of Errors next to be holden in the same county." By these provisions the legislature must have intended the next term after the expiration of the time limited for filing a motion in error. As this case was brought to that term the motion in error was properly allowed, and the defendant's plea in abatement must be overruled.

The court below erased this case from the docket. The defendant now attempts to justify this proceeding on two grounds. 1. That an appeal will not lie in favor of the defendant, from an adverse decision upon a plea in abatement. 2. That the bond taken on the appeal, as written out by the magistrate, describes the appellate court as the county court instead of the superior court. If either ground is tenable the doings of the superior court must stand, otherwise the judgment must be reversed.

1. Can the defendant appeal from a judgment of *respondeas ouster* on a plea in abatement ?

If we were to determine this question by a construction of the general statute regulating appeals, it might be well to consider whether we ought not to hold, in analogy to the decisions under the statute relating to writs of error, that a judgment necessary to support an appeal must be a final judgment. But the statute relating to appeals, as applicable to this case, must be construed in connection with the 91st section of the statute, (Gen. Statutes, p. 20,) which provides that " in case the defendant appeal from a judgment rendered on a plea in abatement, and shall not make good his plea by the judgment of the court to which he appeals, he shall be liable to pay costs, and execution shall issue against him for the same, although the cause shall finally be decided in his favor." This statute, by implication at least, gives to the defendant the right of appeal in a case like this ; and such we presume was the intention of the legislature. To the same effect are the decisions of this court in the cases of *Blackman* v. *Beha*, 24 Conn., 331, and *Prosser* v. *Chapman*, 29 Conn., 515.

2. In respect to the bond. The case was appealed to the superior court, and the bond, as the record discloses, was in fact properly taken. The appeal, being properly allowed, vacated the judgment, and the parties had a right to enter the cause in the docket of the superior court. But it seems that the justice subsequently, in writing out the bond, made a mistake in the description of the court.

We have no occasion to determine whether it is necessary

that the bond should appear at length upon the record; for admitting it to be necessary, we are clearly of the opinion that the mistake is a clerical one, and may be corrected at any time; consequently it is no cause for erasing from the docket. If it is not necessary, the mistake is of no consequence so far as the appeal is concerned. In either case it can not impair the validity of the appeal, nor affect the rights of the parties under it.

There is therefore manifest error and the judgment of the superior court must be reversed.

In this opinion the other judges concurred; except Mc-CURDY, J., who having tried the case in the court below did not sit.