Hardwick vs. Estate of Duchaine.

## HARDWICK VS. ESTATE OF DUCHAINE.

(1) *County Court — Appeal Bond.* (2) *Practice on motion to dismiss appeal.* (3) *Presumption in this court.*

1. The statute requires that a party appealing to the circuit court from a decision of commissioners disallowing his claim against the estate of a decedent shall give a certain bond to the adverse party, with surety to be approved by the county court (R. S., ch. 101, sec. 21);

but it does *not* require such bond to be filed in the circuit court as a part of the record.

2. A motion in the circuit court to dismiss such an appeal on the ground that the bond required has not been given, must be upon affidavits or other proper evidence of the fact; and on appeal to this court from the decision of the circuit court on such motion, the papers on which the motion was based must be made a part of the record here.

3. On the appeal to this court it will not be *presumed* that the circuit court had evidence before it that no proper bond was given by the party appealing to it from the decision of the commissioners, from the mere fact that that court dismissed such appeal.

APPEAL from the Circuit Court for *Brown* County.

*Hardwick* presented his claim against the estate of *Duchaine* to the commissioners appointed by the county court to examine and adjust claims against the estate. The claim was disallowed, and *Hardwick* appealed to the circuit court, which dismissed the appeal on the ground that it had never acquired jurisdiction of the matter. The record in the circuit court showed the report of the commissioners disallowing the claim, the application for an appeal by the claimant, the allowance thereof by the county judge, and the order directing notice of the appeal, with proof of service, but did not show the giving of the appeal bond required by R. S., sec. 21, ch. 101. From the order of the circuit court dismissing the appeal, *Hardwick* appealed.

*Hudd & Wigman*, for appellant, contended that by sec. 24, ch. 101, R. S., which fixes the nature of the record to be presented to the circuit court in cases of this nature, the record was sufficient, though silent as to the appeal bond. The bond is not required to be returned with the appeal papers, but is filed with the county judge. This court must therefore presume that the county judge allowed the appeal in due form of law, since all presumptions are in favor of the due performance of any duty imposed by law as to the acts of judicial officers. *Jackson v. Astor*, Burnet, 24; *Tallman v. Ely*, 6 Wis., 244; 10 id., 563; 19 id., 149. It must be the entire absence of the

bond, and not merely the failure to return it, that would deprive the circuit court of jurisdiction.

*Neville & Tracy*, for respondent, argued, first, that the bond was a necessary part of the record, and if no bond appears it will be presumed that none was made. The statute (Tay. Stats., 1230, § 24), requires the appealing party to present to the circuit court a " certified copy of the allowance or disallowance appealed from, of the application for the appeal, and the allowance of the same." The object of the statute being to enable the court to determine whether it has acquired jurisdiction, all facts necessary to confer jurisdiction must appear from the record. In the absence of a bond the application for an appeal is a nullity. Secondly, this court must presume that sufficient evidence was before the circuit court to justify the order, especially when it does not appear from the record that all acts necessary to perfect the appeal were done by the appellant, and in the partial record produced there is no irregularity appearing justifying the order. *Heald v. Wells*, 7 Wis., 149 ; *Shaw v. Shaw*, 8 Wis., 168; *Remington v. Willard*, 15 id., 587 ; *Kelley v. Kelley*, 20 id., 443.

COLE, J. This was an appeal from the decision and report of commissioners appointed to decide upon claims against *the estate of Oliver Duchaine.* The claim presented by the appellant was disallowed by the commissioners, and an appeal was taken under the provisions of ch. 101, R. S. The appeal was dismissed on motion in the circuit court, on the ground that that court never acquired jurisdiction.

Upon the record returned to this court, we are unable to discover any irregularity in the method of taking the appeal. The party seems to have conformed to the statute upon the subject. It is said that by sec. 21, ch. 101, it was essential to the validity of the appeal, that a bond should be given to the adverse party, with sufficient surety to be approved by the judge of the county court, conditioned that the person tak-

ing the appeal would prosecute it to effect and pay all damages and costs which might be awarded against him; and that it does not appear from the return made to the circuit court that such a bond was given. Such a bond was doubtless necessary in order to perfect the appeal; but the difficulty is, we have no evidence before us to warrant the assumption that the proper bond was not given. We do not understand that the bond constitutes any part of the record required to be filed in the circuit court. The 24th section regulates the practice upon this subject, and provides that "the party appealing shall procure and file in the circuit court to which the appeal is taken, at or before the next term of such court after the appeal is allowed, a certified copy of the record of the allowance or disallowance appealed from, of the application for the appeal and the allowance of the same, together with proper evidence that notice has been given to the adverse party according to the order of the county court." This section prescribes what the record shall contain; and the one before us seems to be complete in the particulars specified. It is said that the bond should be sent up with the record, in order that the circuit court may see that the appeal is properly taken and allowed. But we do not think the statute contemplates that the bond shall be returned with the record to the circuit court, and the presumption doubtless would be, in the absence of all proof to the contrary, that a proper bond had been filed in the office of the county court before the appeal was allowed. The provisions in regard to appeals from the decisions of commissioners are somewhat different from those regulating appeals from orders and decisions of the county judge under ch. 117, sections 25 et seq., as an examination of the statute will show.

But again, it is said that even if it were not necessary that the bond should form a part of the record certified to the circuit court, it must be presumed that that court had satisfactory evidence before it, by affidavit or otherwise, that no sufficient bond had been given, or it would not have dismissed the ap-

peal. But we do not see how any such presumption can be indulged in, in view of the provision which makes it the duty of the clerk to transmit to this court the original papers used by each party on the application for the order appealed from. Section 5, ch. 264, Laws of 1860. If there was any evidence before the circuit court of the nature suggested, it would doubtless have been found in the record sent to this court. Nothing of the kind appears in this record, and we cannot therefore presume that any such evidence was used in the circuit court upon making the order dismissing the appeal.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceedings according to law.