## APPEAL OF JOHN MULLINS.

BOND ON APPEAL FROM PROBATE. *(1) To whom it must run. (2) Effect
of misnomer of obligee.*

1. *It seems* that a special administrator of the estate, appointed before probate of a will, is the " adverse party " to whom the bond on appeal from an order admitting the will to probate should run; and this is certainly so where the special administrator is also the proponent of the will and the executor named in it.
2. It is the duty of courts, where it can be done, to disregard mere clerical errors, *ut res magis valeat quam pereat;* and where the bond on appeal from an order of the county court admitting a will to probate, running expressly to one M. *as special administrator of the estate,* gave his Christian name erroneously, by a clerical error: *Held,* that the administrator, if the appeal should fail, might sue on such bond in his proper name, alleging the misnomer; and that the bond is sufficient for the purposes of the appeal.

APPEAL from the Circuit Court for *Manitowoc* County.
*Michael Mullins* presented the will of Patrick Mullins, deceased, to the county court of said county, for probate; and the will was contested by *John Mullins,* a son of the deceased. While the matter was pending in the county court, *Michael Mullins* was appointed special administrator of the estate. The will having been subsequently admitted to probate, *John Mullins* served a notice of appeal to the circuit court, directed to the county court and to *Michael Mullins* as special administrator; and also filed an appeal bond running to " William Mullins" as special administrator of the estate. *Michael Mullins* moved the circuit court to dismiss the appeal on the ground that the bond was not given to " the adverse party," as

required by the statute. The appellant, by leave of the county court, then filed a new bond running to *Michael Mullins* as special administrator. The circuit court dissmised the appeal on the ground above stated, among others, and the contestant appealed from the order.

Briefs were filed, signed by *H. G. & W. J. Turner* for the appellant, and *J. D. Markham*, with *Taylor & Sutherland* of counsel, for the respondent; and the cause was orally argued by *W. F. Vilas* for the appellant, and *David Taylor* for the respondent.

For the appellant it was contended, *inter alia*, that the special administrator was the "adverse party" to whom the appeal bond should run (*State ex rel. Tallmadge v. Flint*, 19 Wis., 621); that the misnomer in the original bond would not prevent a recovery upon it (*Colburn v. Downes*, 10 Mass., 20; *Medway Cotton Man. Co. v. Adams*, id., 362), and therefore that bond, being sufficient to protect the rights of the respondent, was sufficient (*Foster v. Foster*, 7 Paige, 48); and that, if otherwise, the county court had statutory power to allow the appeal to be perfected by the filing of a new bond. Laws of 1860, ch. 264, sec. 17.

For the respondent it was argued, that a bond not given to the adverse party is not a compliance with the statute (Tay. Stats., 1313, § 25), and gives the appellate court no jurisdiction (*Thompson v. Thompson*, 24 Wis., 515; *Tallmadge v. Flint*, 19 id., 621; *Nelson v. Clongland*, 15 id., 392; *Hardwick v. Estate of Duchaine*, 32 id., 155–6); and that, as the circuit court could not acquire jurisdiction by permitting a new bond to be filed when there was a defect in the original, so the county court could not cure a defect in the appeal by allowing a new bond to be filed, there being no statute authorizing it. *Thompson v. Thompson, supra; Western Union R. R. Co. v. Dickson*, 30 Wis., 389.

RYAN, C. J.   I. Probably, in any case, the special adminis-

trator should be considered as the adverse party, to whom, in circumstances like these, the appeal bond should run. He is, for the time being, the only representative of the estate. If the appeal succeed, the estate would bear the costs. If the appeal fail, it seems that the estate should recover the costs. Here, however, the special administrator is also the proponent of the will and the executor named in it. There appears no room for doubt that he is the adverse party to whom the appeal bond should run.

II. The insertion of the name *William* Mullins, for *Michael* Mullins, in the appeal bond, is obviously a clerical mistake. The notice of appeal is to *Michael*, as special administrator; and the bond itself runs to William, *as special administrator of the estate.* It is obvious that the bond is not intended to run to a different person, but to the same person by a different name: an accidental misnomer. If it were our duty to uphold the dismissal of an appeal on so purely technical a ground, for so mere a slip of the pen, we should regret it. But we cannot think the mistake sufficient to defeat the bond.

The bond goes to the special administrator, in his representative character; and would, doubtless, be good without the use of his personal name. And if the appeal should fail, we can see no difficulty in the way of the special administrator's suing as such in his proper name, upon the bond, averring the special administrator to be therein called William instead of Michael. The right is in neither Michael nor William personally, but in the special administrator of the estate; and the misnomer of the person leaves no doubt of the obligee of the bond. *Falsa demonstratio non nocet.* 2 Parsons on Con., 514.

It is always the duty of all courts, where it can be done, to overcome and disregard such clerical errors, *ut res magis valeat quam pereat. Davis v. Judd,* 11 Wis., 11; *Morrison v. Austin,* 14 id., 601; *Nolty v. State,* 17 id., 668; *Russell v.*

*Monson*, 33 Conn., 506; *Stockton v. Turner*, 7 J. J. Marsh., 192.

For these reasons we think the first appeal bond sufficient, and need not consider the question whether, if insufficient, it might be replaced by an amended one.

*By the Court.* — The order of the court below dismissing the appeal is reversed.