Kasson and another vs. The Estate of Brocker.

KASSON and another vs. THE ESTATE OF BROCKER.

APPEAL FROM PROBATE COURT:   NOTICE:   BOND.   *(1, 2) Form of order for service of notice of appeal.   (3) Waiver of such service.   (4) Service* in fact *supports jurisdiction of circuit court.   (5) Serving notice on, and filing it with, county judge.   (6) Appeal bond executed in firm name.   (7) To whom bond should run.   (8) May be good though not strictly conformed to statute.   (9) Case stated: bond held good.*

1. An order for service of notice of an appeal from the county court to the circuit court, directing in terms that such service be "upon the adverse party," without naming him, followed by service upon the proper party, is good *(Nelson v. Clongland*, 15 Wis., 392); and where the administrators of an estate are the adverse parties, an order for service upon certain persons by name, followed by service upon them, would also be good, if such persons were in fact the administrators.
2. Whether, where there are several administrators, an order for service upon *one* of them only by name, would be sufficient, is not here determined.
3. Where there has been no sufficient service of notice of appeal, the appearance of the adverse parties in the circuit court, and their motion to dismiss the appeal based in part on other than jurisdictional grounds, is a *waiver* of all defects in the service.
4. The fact that "there was no *evidence* that notice of the appeal was given," at the time when a motion to dismiss the appeal was made, is not jurisdictional; and its assignment as ground of dismissal is an implied admission that the notice was in fact served.

5. An appeal from an order of the county court disallowing a claim against an estate should not be dismissed on the ground that no notice of the appeal has been served on the county judge or filed in his office; the statute not requiring any such service or filing.

6. Where, on appeal from the disallowance of a claim of partners in their firm name, the appeal bond is executed in the firm name, the presumption, in the absence of all proof, is, that it was so executed as to bind both partners, and the mode of execution is approved.

7. Such a bond running to " A., B. and C., administrators," etc., satisfies the statute requiring it to run to the adverse parties, where the persons named were in fact the administrators; and although the words " administrators," etc., might in some contracts be held mere *descriptio personæ*, they could not be so held in an action upon such a bond.

8. If the bond on appeal from the probate court substantially covers the provisions of the statute, and secures to the appellee all that the law designed for him, it is sufficient, although it does not follow the language of the statute.

9. The condition of the bond required by the statute is, that appellant "shall prosecute his appeal to effect, and pay all damages and costs which may be awarded against him." R. S. 1858, ch. 101, sec. 21. The condition of the bond here in question is, that appellants will " pay all damages and costs that may be awarded against them, in case they shall fail to obtain a reversal of the decision (describing it), and that they will diligently prosecute such appeal, without any fraud or other delay." *Held*, sufficient.

APPEAL from the Circuit Court for *Fond du Lac* County.

*A. C. Kasson* and *F. W. Noyes* filed, in the county court of Fond du Lac county, a claim against the estate of Brocker, for $619.88. No commissioners having been appointed to determine claims against said estate, the county judge considered and disallowed the claim in question. An appeal was allowed and taken from this decision, a bond given, and the papers certified to the circuit court. Defendant appeared in that court, and moved to dismiss the appeal (stating sixteen reasons for such dismissal), and for such other or further relief as might be just, and for the costs of the motion; and, from an order denying such motion, it appealed to this court.

Certain facts are more fully stated in the opinion.

For the appellant, there were briefs by *Giffin & Williams*, and oral argument by *Mr. Giffin*.

For the respondents, there was a brief by *Hauser & Colman*, and oral argument by *Mr. Colman*.

TAYLOR, J. The reasons urged in this court by the learned counsel for the appellant, for the reversal of the order of the circuit court, are substantially the following: *first*, that there was no proper application to the county court for an appeal; *second*, that no notice of the appeal had been served on the adverse party, or upon the county judge, and none filed in the office of the county judge; *third*, that the county judge made no order directing the manner in which the appeal should be served; *fourth*, that there was no evidence that the notice of appeal had been given to the adverse party; *fifth*, that the bond given on such appeal was insufficient, and not in conformity to the requirements of the statute.

The record of the proceedings returned and filed in the circuit court by the county judge, duly certified by him, shows that the respondents presented a claim against the appellant estate for the sum of $619.88; that the county court made an order disallowing the whole of such claim on the 15th day of April, 1878; that on the 12th day of June, 1878, the claimants filed with the judge of the county court a paper, of which the following is a copy:

"In Probate Court, Fond du Lac County. In the matter of the claim of *A. C. Kasson* and *F. W. Noyes v. The Estate of P. Brocker.*

"This cause having come on for hearing, and the claim of the claimants having been disallowed, by decision of the county judge acting as commissioner, on the 15th day of April, 1878, these claimants, being aggrieved by such decision, hereby petition and make application for the right of appeal herein.

"Dated June 10, 1878.

(Signed) "A. C. KASSON and F. W. NOYES, Claimants.

"By HAUSER & COLMAN, their attorneys."

On the back of this paper was the following indorsement:

" Filed, and appeal allowed, this 12th day of June, A. D. 1878.        GEO. PERKINS, County Judge."

On the same day, the county judge made the following order:

" In the matter of the claim of *A. C. Kasson* and *F. W. Noyes v. The Estate of Philip Brocker.*

" The claimants herein having made an application for the right of appeal from the decision of the county court sitting as commissioners, and having filed their bonds as required by statute; it is

· " *Ordered,* that said appeal be allowed, and said bond be approved, and that notice of such appeal and of the hearing of the same be served on Rudolph Ebert, one of the administrators of said estate of P. Brocker, at least twelve days before the next term of the circuit court.

" Dated June 12, 1878.

                    " By the Court,

                        " GEO. PERKINS, County Judge."

This record shows that the persons appealing from the order of the county judge, acting as commissioner to adjudicate claims against the estate of Brocker, presented a claim against said estate for a sum exceeding $20, and that the whole claim was disallowed; that, within sixty days after such disallowance, the claimants presented and filed a written application for an appeal from such order; that such appeal was allowed by the county judge, and a bond on such appeal was given and approved by such judge, and an order made by him requiring the appellants to serve the notice of the appeal upon one of the administrators of the deceased twelve days before the commencement of the next term of the circuit court for Fond du Lac county. We think this record shows a substantial compliance with the statute. Secs. 20–23, ch. 101, R. S. 1858; Tay. Stats., pp. 1229–30; *Hardwick v. The Estate of Du-*

*chaine*, 32 Wis., 155. That there was an application for an appeal, within the meaning of the statute, sufficiently appears from this record. There was proof of service of a notice of the appeal by leaving a copy of such notice with the wife of one of the administrators of the estate. The county judge ordered that service of said notice should be upon R. Ebert, one of the administrators. It is urged that this order was void; that the order should have directed the notice to be served upon the adverse party, without naming the party. That an order made in that general form would be good when the proof shows that it was in fact served upon the adverse party, was decided in *Nelson v. Clongland*, 15 Wis., 392; and we have no doubt but an order directing it to be served upon the person or persons who are in fact the adverse parties, would be equally good, provided it was properly served upon such persons so named in the order. Rudolph Ebert was an adverse party in this case, and a proper party on whom to serve the notice, and, perhaps, in the absence of any evidence of collusion on his part with the claimants, a direction to serve on him alone would be good, although there were two other acting administrators. It is, however, unnecessary to decide that question in this case.

Admitting that the service should have been upon all of the administrators, or, if not served upon all the adverse parties, that the proof of service upon Ebert should have shown that he could not be found in the county, and that the person who served the notice by copy explained the contents thereof to the person with whom he left it, we still think the appeal should not have been dismissed for either of these defects, for the reason that the adverse parties appeared generally in the circuit court by their attorneys, by obtaining and arguing the motion to show cause why the appeal should not be dismissed, and thereby waived all irregularities in the service of the notice of appeal. The motion to dismiss was not confined to the point that there had been no proper service of the notice of

the appeal, and that therefore the appellate court had not obtained jurisdiction of the parties defendant, nor to other matters which went solely to the jurisdiction of the appellate court.

One ground which was made in the motion to dismiss, and urged upon the court, was, "that there was no evidence that the notice of the appeal had been given to the adverse party." This was clearly not a question which went to the jurisdiction of the appellate court. The fact of service gives the court jurisdiction. If there had in fact been a proper service of the notice upon the adverse party, the evidence might have been filed after the motion was made, and the motion would have been defeated thereby, so far as that ground was a reason for granting the same. Sec. 24, ch. 101, R. S. 1858, requires that the party appealing shall cause proper evidence of the service of the notice of the appeal upon the adverse party, according to the order of the county court, to be filed in the circuit court at or before the first day of the next term of such court after the appeal is allowed. It is evident, however, that the filing of such evidence is not a matter which goes to the jurisdiction of the appellate court, and that such evidence may be waived by the appearance of the adverse party in the appellate court, and going to trial upon the merits of the case. A motion to dismiss the appeal on the ground that there was no evidence filed in the circuit court of the service of the notice of the appeal, by implication admits that there was a service in fact, and therefore admits the jurisdiction of the court over the person of the appellant.

Two other reasons assigned in the motion to dismiss the appeal were not jurisdictional — "that no notice of appeal had been served on the county judge, and no notice of appeal had been filed in the office of the county judge." Neither of these things is required by the statute; and, although it might be good practice to do both, still the want of either or both would not divest the appellate court of jurisdiction to try the cases.

That the appearance of the defendants, and their making the motion to dismiss the appeal for the causes set forth in the motion, was a general appearance in the case, and a waiver of any defects in the service of the notice of appeal, is fully sustained by the following decisions: *Grantier v. Rosecrance*, 27 Wis., 488; *Anderson v. Coburn*, id., 558; *Alderson v. White*, 32 Wis., 308; *Ruthe v. R. R. Co.*, 37 Wis., 344.

The fifth general ground for urging that the appeal should have been dismissed, is, that the bond given was not such as the statute requires.

The first and principal objection to the bond is, that it is given by Kasson & Noyes as principals, without adding their initials or giving their names in full; that they have given a bond, in fact, as partners, and not as individuals. By an examination of the record of the proceedings on the claim returned by the county court to the circuit court, it will be seen that the claim was presented by them in their name as partners, "Kasson & Noyes;" and the judge, in his order disallowing the claim, recites the claim as the claim of "Kasson & Noyes" against the estate of Brocker, and disallows the claim as the claim of "Kasson & Noyes." We think it was regular, therefore, for the claimants to give their bond in their partnership name, and that there can be no exception to it upon that ground. As the bond was approved by the county judge, in the absence of all proof upon the subject, it must be presumed it was executed so as to bind both the partners. A bond signed by one partner in the partnership name will bind all the partners consenting to such signature. Story on Partnership, §§ 120–122; *Cady v. Shepherd*, 11 Pick., 405, 406; *Gram v. Seton*, 1 Hall, N. Y., 262; *Wilson v. Hunter*, 14 Wis., 683; *Waterman v. Dutton*, 6 Wis., 265; Parsons on Partnership, 194–6, and notes; Lindley's Law of Partnership, 278.

If the partners are bound by the bond, then they have promised to pay, and have bound their heirs. We do not

think there is any force in the objection that the bond does not run to the adverse party. It is admitted that the administrators are the adverse party in this case, and the bond runs to them by name, and they are designated in the bond as the administrators of Brocker's estate. There can be no doubt but that, upon a breach of this bond, the administrators as such could maintain an action thereon. The meaning of the bond is quite as clear as though the word "as" had been inserted between their names and their title, "administrators, etc." It is true that courts have held that the words "administrator, etc.," placed after the name of a person in a contract, may be treated as *descriptio personæ*, and that, notwithstanding such words, an action upon such contract may be maintained by or against the party in his individual name; but this rule would not apply to a bond required by statute to be given to them in their representative capacity in a judicial proceeding. The circumstances under which the bond was given would, in such case, give it a different construction.

It is claimed that the bond given is not the bond required by the statute, and therefore the circuit court obtained no jurisdiction of the appeal. If the bond given is not substantially the bond required by statute, then, according to the decision of this court in *Hardwick v. Duchaine*, 32 Wis., 155–158, the appeal should have been dismissed. The statute requires that the condition of the bond shall be, "that he [the appellant] shall prosecute his appeal to effect, and pay all damages and costs which may be awarded against him on such appeal." Sec. 21, ch. 101, R. S. 1858. The condition in the bond given is, "to pay all damages and costs that may be awarded against them [the appellants] in case they shall fail to obtain a reversal of the decision of the judge of the probate court for Fond du Lac county, rendered April 13, 1878, on a claim of said Kasson & Noyes against the said estate of P. Brocker, from which said decision the said Kasson & Noyes have appealed to the circuit court of Fond du Lac county; and further, that they

will diligently prosecute such appeal without any fraud or other delay."

If the condition of this bond had omitted the words "in case they shall fail to obtain a reversal of the decision of the judge," etc., giving a description of the judgment appealed from, it would clearly have been a substantial compliance with the statute. The first clause would very clearly have rendered the obligors liable to pay all costs and damages awarded against them on the appeal; and the last clause was certainly a condition to prosecute the appeal to effect; for if it was prosecuted with diligence, and without fraud or delay, the prosecution would necessarily be a prosecution "to effect." The words "to effect," as used in the statute, do not mean that the appellant shall prosecute his appeal to a successful issue in his favor, but that he will prosecute the same with due diligence to a final issue or judgment, whether successful or not. This is clear from the words in the statute which immediately follow the condition, "and pay all damages and costs which may be awarded against him on such appeal." Taking the two parts of the condition of the bond as prescribed by the statute, they can mean nothing more nor less than that the appellant shall prosecute his appeal to a final judgment, and, if defeated, will pay all costs and damages which may be awarded against him; and it implies all there is in the condition of the bond given in this case, omitting the clause above indicated. A prosecution to effect implies a diligent prosecution, without fraud or unnecessary delay.

Do the words following the first condition in this bond change the liability which the obligors would be under to the obligees if they had been omitted, to the prejudice of such obligees? We think not. They may therefore be treated as surplusage, or as not substantially changing the condition of the bond required by statute. If the words, "in case they shall fail to obtain a reversal of the decision of the county

judge," limit the obligation to pay all costs and damages which may be awarded against them, such limitation is not prejudicial to the rights of the obligees, because the appellate court would have no right to award damages and costs against the appellants upon their appeal, which would be recoverable upon the statutory bond, except upon the final determination of the case. And certainly the court could not award damages or costs against the appellants in case they succeeded in reversing the decision of the county judge disallowing their claim. If, therefore, the appeal should be dismissed, or a final judgment be rendered in the circuit court against the appellants, the costs and damages awarded against the appellants could be collected as well under the conditions of this bond as under the conditions prescribed by the statute, as in either case the appellants would have failed to reverse the decision of the county judge appealed from; and, as the court would have no power to award costs or damages against the appellants in any other case, the obligee in the bond is not prejudiced by the supposed limitation.

The rule applicable to bonds in cases of this kind is, that if the bond substantially covers the provisions of the statute, and secures to the appellee all that the law designed for him, it is sufficient. The language of the statute need not be adopted. *Smith v. Norval*, 2 Code R., 14; *Doolittle v. Dininny*, 31 N. Y., 350; *Coleman v. Rowe*, 4 Sm. & M., 747.

We think the bond filed in this case comes within the rule laid down in these decisions; that it is in substance the same as the one required by statute; that the additions in it, not required by the statute, do not prejudice the obligees; and that it is therefore a sufficient bond. As was said by the present chief justice of this court in *Mullin's Appeal*, 40 Wis., 154–156: "It is always the duty of all courts, where it can be done, to overcome and disregard such clerical errors, *ut res magis valeat quam pereat.*" This remark may be applied, not only to the objection to the form of the bond, but to all

the other objections to the regularity of the proceedings in this case.

*By the Court.* — The order of the circuit court is affirmed.