## WILLIAM DENTON *vs.* TOWN OF DANBURY.

The statute (Gen. Statutes, tit. 19, ch. 5, sec. 15,) provides that in civil actions brought before a justice of the peace an appeal shall be allowed to either party "from any judgment rendered therein upon any issue." Held not to give a right of appeal from a judgment of *respondeas ouster* upon a demurrer overruled. (Two judges dissenting.)

Where such an appeal was taken by the defendant to the Court of Common Pleas, and the plaintiff in that court amended his complaint by raising the demand for damages from $100, which was below the jurisdiction of the court, to $110 which was within its jurisdiction, it was held that the appellate court did not thereby acquire jurisdiction.

If the court had no jurisdiction before the amendment it had none to allow the amendment.

And held that the court could not acquire jurisdiction by the defendant's filing an answer to the complaint, instead of pleading to the jurisdiction.

Where a judgment of *respondeas ouster* is rendered upon a demurrer overruled, and the defendant refuses or neglects to answer over, the court should render final judgment for the plaintiff; and it is this judgment, and not that of *respondeas ouster*, from which the appeal is to be taken.

CIVIL ACTION, brought originally before a justice of the peace, and appealed by the defendant to the Court of Common Pleas of Fairfield County, and tried in that court to the jury before *Hall, J.* The jury having returned a verdict for the plaintiff, the defendant filed a motion in error, assigning as error the overruling by the court of a motion to erase the case from the docket for want of jurisdiction, made by him before the trial to the jury. The case is fully stated in the opinion.

*L. D. Brewster* and *H. B. Scott,* for the plaintiffs in error.

*W. F. Taylor* and *H. W. Taylor,* for the defendant in error.

HOVEY, J. This case comes before us upon a motion in error filed by the defendants, to reverse a judgment of the Court of Common Pleas for the county of Fairfield.

The action in which the judgment was rendered was brought originally before a justice of the peace by complaint, demanding one hundred dollars damages. The defendants

demurred to the complaint, and the justice overruled the demurrer, and ordered the defendants to answer over. The defendants, disregarding the order, moved an appeal to the Court of Common Pleas, and the justice, without hearing the parties further or rendering judgment in favor of the plaintiff for his damages and costs, allowed the appeal. The defendants entered the appeal in the appellate court at the term to which it was taken, when the plaintiff amended his complaint by filing an additional count, and the defendants made answer thereto. The cause was then continued to the next term, when the defendants moved the court to erase it from the docket, but the motion was denied. Pending the motion, the plaintiff further amended his complaint by raising the damages demanded to the sum of one hundred and ten dollars. The cause was then tried to the jury, who returned a verdict in favor of the plaintiff, and judgment was rendered upon the verdict.

The defendants assigned several errors in the proceedings of the Court of Common Pleas; but the only question raised by the assignment which requires consideration is, whether that court had jurisdiction of the cause in which the judgment complained of was rendered. If it had, there was no error in its refusal to erase the cause from the docket, and, consequently, no error in the judgment. If it had not, its refusal to erase the cause was manifestly erroneous, and the judgment also was erroneous and must be reversed.

The Court of Common Pleas, at the time the proceedings in the cause were commenced and from thence until the judgment was rendered, had original jurisdiction of those causes only in which the matter in demand exceeded one hundred dollars but did not exceed five hundred dollars, and appellate jurisdiction in causes in which the matter in demand did not exceed the former sum. The General Statutes, tit. 19, ch. 4, § 1, direct that "all causes of action at law wherein the matter in demand does not exceed one hundred dollars, shall be heard and determined by a justice of the peace, subject to the right of appeal as hereinafter provided." Section 2 of chapter 6, title 19, of the same

statutes, recognizes the right of the defendant in any such action to appeal from a judgment of *respondeat ouster* on a plea in abatement, and makes provision for the disposition of the appeal in the appellate court. And § 15 of ch. 5, tit. 19, p. 415, of the General Statutes, provides that "in all civil actions except those of summary process, brought before a justice of the peace, an appeal from any judgment rendered therein upon any issue may be had and allowed to either party." The plaintiff contends that under this provision the appeal in the present case was properly taken and allowed, and that the Court of Common Pleas acquired thereby jurisdiction of the cause. But to this claim there are insuperable objections. In the first place, if the claim should be sustained it will be in the power of the defendant in any civil action brought before a justice of the peace, to remove the cause by appeal to the Court of Common Pleas or the Superior Court before it has been heard and determined by the justice, and thus deprive that officer of an important part of his jurisdiction, and practically annul the provision hereinbefore recited, of § 1, ch. 4, tit. 19, of the General Statutes. It will also enable the defendant in any such action, by refusing or neglecting to enter his appeal in the appellate court, to prevent the plaintiff from recovering judgment in that court for his damages and costs; as, in such a case, that court would have no jurisdiction to render such a judgment or any judgment except in affirmance of the judgment rendered by the justice. Gen. Stat., tit. 19, ch. 4., § 17, p. 416. In the second place, the overruling of the demurrer to the plaintiff's complaint was not a judgment in the sense in which that term is used in the statute. It was a determination of the matter of law in favor of the plaintiff, and established his right to a judgment for his damages and costs unless the defendants pleaded or answered over, but nothing more. It required an assessment of the damages and an adjudication by the court that the plaintiff recover the sum assessed with costs, to make the judgment complete. Sir William Blackstone, in commenting upon this subject says, that "when the substance of the record is completed and copies are delivered

to the judges, the matter of law upon which the demurrer is grounded is, upon solemn argument, determined by the court and not by any trial by jury; and judgment is thereupon accordingly given. As in an action of trespass, if the defendant in his plea confesses the fact but justifies it *causâ venationis,* for that he was hunting; and to this the plaintiff demurs, that is, he admits the truth of the plea but denies the justification to be legal; now, on arguing this demurrer, if the court be of opinion that a man may not justify trespass in hunting, they will give judgment for the plaintiff; if they think that he may, then judgment is given for the defendant. Thus is an issue in law or demurrer disposed of." 3 Bla. Comm., 323. Judge Swift, speaking upon the same subject, says.—" When the pleadings close in a demurrer to the declaration, the plea, the replication, or the rejoinder, the court must always give their opinion as to the sufficiency or insufficiency of that part of the pleadings to which the demurrer is taken; for instance, if the demurrer is taken to the declaration, they must say the declaration is sufficient or insufficient, according to their opinion. If they find the matter of law or demurrer in favor of the plaintiff, they must, after deciding that point, proceed to give judgment that the plaintiff recover such sum of debt or damages as they may think just, with his cost. If the determination be in favor of the defendant, then judgment must be rendered for his costs. As for instance, in a demurrer to the declaration, the proper form of entering up the judgment is—'This court is of opinion that the plaintiff's declaration is sufficient, and therefore consider and give judgment that the plaintiff recover of the defendant the proper sum in debt or damages, with his costs;' or otherwise—'This court is of opinion that the plaintiff's declaration is insufficient, and therefore consider and give judgment that the defendant recover his cost;' and in like manner to a plea, replication, or rejoinder." 1 Sw. Dig., 783, 784.

These rules were so far modified by the legislature in 1872 as to allow a party, upon the overruling of a demurrer, to plead over and have the cause proceeded with, heard and

determined upon its merits, in the same manner as if no demurrer had been interposed; but in all other respects they remain unchanged. So that if the party entitled to plead or answer over refuses or neglects so to do, as the defendants in this case did, the court must render judgment in favor of the plaintiff for his damages and costs, if the demurrer be determined in his favor; or otherwise, in favor of the defendant and for him to recover his costs. Unless that is done no foundation is laid for an appeal to a higher court. The appeal of the defendants in this case was, therefore, a nullity, and gave to the Court of Common Pleas no jurisdiction of the cause. *Wildman* v. *Rider*, 23 Conn., 172.

The plaintiff further contends that the defendants, by answering the amended complaint filed in the Court of Common Pleas, admitted the jurisdiction of that court and rendered its proceedings as valid and as binding as they would have been if the appeal had been taken from a lawful judgment. The conclusive answer to this claim is, that the appeal being unauthorized by law and therefore void, the Court of Common Pleas could not acquire jurisdiction by the admission or consent of the defendants. For it is an inflexible rule that where jurisdiction is not conferred by law it cannot be acquired by the act or agreement of the parties. *Hart* v. *Granger*, 1 Conn., 169; *Perkins* v. *Perkins*, 7 id., 567; *Ives* v. *Finch*, 22 id., 105; *Andrews* v. *Wheaton*, 23 id., 112; *State* v. *Beecher*, 25 id., 539; *Olmstead's Appeal from Probate*, 43 id., 119; *Charter Oak Bank* v. *Reed*, 45 id., 391.

It is finally contended by the plaintiff, that the amendment of his complaint by raising the damages demanded to the sum of one hundred and ten dollars, put the case in the same position in which it would have stood if it had been brought originally to the Court of Common Pleas upon a complaint demanding that sum. But this claim cannot be sustained. The Court of Common Pleas, having no jurisdiction of the cause by the appeal, had no jurisdiction to allow the amendment, or to make any order except to dismiss the appeal and erase the cause from the docket as soon as the want of jurisdiction came to its knowledge.

The judgment complained of was, therefore, erroneous, and is reversed.

In this opinion PARDEE and GRANGER, Js., concurred.

LOOMIS, J., (dissenting.) I concede the premises upon which the reasoning contained in the majority opinion proceeds, so far as to admit that the word "judgment," when used in a statute without qualification, must be construed to mean the final or completed judgment in a cause, and not the decision of the court overruling a demurrer, or ordering the defendant to answer over after a plea in abatement. If, therefore, the statute had remained as in the Revision of 1866, p. 19, sect. 88, authorizing an appeal from the judgment of a justice of the peace rendered in any case, it would be clear that the present appeal could not be sustained. But the law controlling this case is found in the Revision of 1875, p. 415, sect. 15, which provides that "in all civil actions, except those of summary process, brought before a justice of the peace, an appeal from any judgment rendered therein upon any issue may be had and allowed to either party." Here are restrictive words qualifying the judgment and also the issue—"*any* judgment upon *any issue.*" It is not easy to conceive for what purpose these words were inserted, unless to include a judgment other than the final one upon an issue other than final. The meaning of the word "judgment" is restricted and limited by the words "any issue," so that if the pleadings terminate in any distinct issue of law or fact, the decision of the court concluding the parties on that issue is a judgment that may be appealed from within the meaning of the statute.

This construction is further fortified by referring to the language of the previous statute. The act of 1871 (Session Laws, 1871, ch. 75,) provided for an appeal from the *final* judgment rendered in any action. When this act was passed and before that time appeals had been allowed on pleas of abatement under the implication contained in another statute (Revision of 1866, p. 20, sect. 91;) referring to the liability

of a defendant to pay costs, if he should' appeal on a plea in abatement and fail to make good his plea, although on the merits the cause might be decided in his favor. *Russell* v. *Monson*, 33 Conn., 506.

In order to prevent the words "final judgment," as used in the act of 1871, from cutting off such appeals, the act of 1873, chapter 21, p. 135, was passed, which in express terms provided against any such construction as would prevent appeals from judgments rendered on pleas in abatement.

Now in the statutes of 1875 the omission of the word "final" before the word "judgment," and the substitution of the words—"*any* judgment on *any* issue"—while at the same time the provision in the act of 1873 entirely disappears as no longer necessary, have to my mind great significance, and render it reasonably clear that the legislature in adopting such a change must be held to have intended to allow appeals from judgments both on demurrers and pleas in abatement.

But against this construction the opinion of the majority refers to the evils that might result from it, under the statute regulating the entry of copies on appeal, which provides, in substance, that if the appellant neglects to take out and enter the copies in the higher court, the appellee, at any time during the term after the second opening of the court, may do so "and have judgment affirmed with additional costs." General Statutes, 1875, p. 416, sect. 17.

In reply I would suggest—1st. That this objection lies with equal force against allowing an appeal from the judgment of *respondeas ouster* on a plea in abatement. Yet such appeals have long been and are now allowed upon the mere implication contained in a statute providing for costs. *Russell* v. *Monson*, supra; General Statutes, 1875, p. 420, sect. 2. —2d. The objection in my mind has no force, because I do not concede that the appellate court must necessarily stop with a simple affirmance of the judgment as rendered by the justice. In giving these general directions the law naturally speaks of affirming the particular judgment rendered by the court below, because that was vacated by the appeal, and in the majority of the cases 'nothing more is necessary. But

if in a particular case anything further is needed to secure the rights of the appellee and to prevent the neglect of the appellant from injuring the appellee, I think the power of the court over the cause does not cease simply by affirming the judgment appealed from.   The effect of the appeal is to confer on the appellate court full jurisdiction over the cause, and as incidental to this jurisdiction it may if necessary proceed to render final judgment.   The statute does not prohibit such a course, and the fact that it gives the party a right to have judgment affirmed ought not to be construed as conferring only a limited jurisdiction on the higher court.

The construction which the majority opinion assumes is to be given to the statute regulating appeals seems quite likely to suggest to some litigious defendant to try the experiment of appealing from the judgment of *respondeas ouster* on a plea in abatement and purposely neglecting to enter his copies.   If such a case should arise is this court prepared to accept the idea that the statute referred to must be construed to restrict the power of the appellate court to a mere repetition of a harmless order to an absent defendant to "answer over," with no power to supplement or enforce the order by proceeding to render final judgment?   I should hope not.

I think there was no error in the judgment complained of.

In this opinion PARK, C. J., concurred.