KOHN DISPLAY AND WOODWORKING COMPANY *v.* PARAGON PAINT AND VARNISH CORPORATION

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued January 4—decision released June 11, 1974

*Jack M. Krulewitz,* for the appellant (defendant).
*David E. Kamins,* for the appellee (plaintiff).

LOISELLE, J.  The defendant was defaulted for failure to appear and judgment was rendered two

weeks later. The defendant's motions to open judgment were denied, as was the further motion to reargue a motion to open. The defendant has appealed from the judgment.

The finding of facts made by the court is apparently not made from any hearing but from the file and it also includes rulings by other judges subsequent to the rendering of the judgment.

The record reveals that the complaint, returnable the second Tuesday of April, 1971, was filed March 17, 1971. Service was made March 12, 1971, pursuant to § 33-411 of the General Statutes, on the secretary of the state as statutory attorney. A motion for default for failure to appear was filed on April 15, 1971, and granted on April 23, 1971. A motion for judgment was filed April 27, 1971. On May 3, 1971, the defendant's counsel filed a special appearance and a plea in abatement dated April 30, 1971. On May 7, 1971, judgment for the plaintiff in the sum of $6983.33 was rendered on the plaintiff's motion for judgment based upon the plaintiff's affidavit of debt filed with the court. The affidavit recited a liquidated debt of $5000, interest of $650 and attorneys' fees of $1333.33 based upon the minimum fee schedule of the Hartford County Bar Association. On May 28, 1971, the defendant filed a "Motion to Reopen Judgment," which was denied on June 11, 1971. Another "Motion to Reopen Judgment" was filed June 16, 1971, and was denied by the court on June 30, 1971. A "Motion to Reargue the Defendant's Motion to Reopen Judgment" was filed July 19, 1971, and it was denied July 30, 1971.

The complaint alleged that the plaintiff had furnished store fixtures and services to the defendant's store in Danbury. The contract was with the defend-

ant's agents who paid part of the debt. It also alleged that the defendant never revealed any agency relationship at the time of the agreement and that the plaintiff was not then aware of the relationship. The complaint further alleged that the defendant is a New York corporation which generally did business in Connecticut through its acts or the acts of its agent. The plea in abatement, filed with the defendant's special appearance, alleged that the court had no jurisdiction as the defendant did not do business in this state. The finding of the court which rendered both the default and the judgment reveals that it had knowledge of the defendant's appearance and the plea in abatement at the time of judgment.

The record discloses that the defendant's plea in abatement asserted, inter alia, that the court lacked jurisdiction over the defendant corporation. Although the issue of the court's jurisdiction has not been pursued on appeal, the court may nevertheless consider the effect of the defendant's plea on the subsequent action of the Court of Common Pleas. Cf. *Liebeskind* v. *Waterbury,* 142 Conn. 155, 159, 112 A.2d 208. A plea in abatement is the proper pleading when "the ground of abatement is want of jurisdiction and [the] facts . . . relied upon . . . do not appear in the record." Practice Book § 93. Ordinarily, questions of jurisdiction must be considered by the court to which they are presented before any further proceedings may take place. *Wawrzynowicz* v. *Wawrzynowicz,* 164 Conn. 200, 203, 319 A.2d 407; *Lillico* v. *Perakos,* 152 Conn. 526, 528, 209 A.2d 92; *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81. "The question of lack of jurisdiction, 'once raised, must be disposed of no matter in what form it is presented.' *Carten*

v. *Carten,* . . . [153 Conn. 603, 610, 219 A.2d 711]."
*Browning* v. *Steers,* 162 Conn. 623, 625, 295 A.2d
544; *East Side Civic Assn.* v. *Planning & Zoning
Commission,* 161 Conn. 558, 560, 290 A.2d 348;
*Watson* v. *Howard,* 138 Conn. 464, 467, 86 A.2d 67.

The foregoing being dispositive of the appeal, the
remaining assignments of error need not be considered.

The court erred in failing to give full consideration to the jurisdictional issue raised by the defendant's plea. Since review of this question necessarily
involves a determination of facts not in the record,
the judgment on the default is set aside and the
case is remanded for further proceedings in accordance with the law.

In this opinion the other judges concurred.