BALDWIN PIANO AND ORGAN COMPANY *v.*
VINCENT BLAKE ET AL.

SPEZIALE, C. J., PETERS, HEALEY, ARMENTANO and BRENNAN, Js.

Argued November 2, 1981—decision released February 23, 1982

*Angel M. Bello-Billini,* with whom was *Francis X. Dineen,* for the appellants (defendants).

*William F. Gallagher,* with whom, on the brief, were *Frederick S. Moss* and *Frank L. Cirillo,* for the appellee (plaintiff).

SPEZIALE, C. J. The defendants appeal from a decision of the trial court finding them in contempt for violation of a prejudgment remedy order issued by the court.

The defendants entered into a retail installment contract and security agreement with the plaintiff for the purchase of a Baldwin piano. On the defendants' default in their payments, the plaintiff declared the balance of the price immediately due in accordance with the default clause in the contract. When the defendants failed to pay, the plaintiff applied for a prejudgment remedy to replevy the piano. The court granted the application. The sheriff attempted to replevy the piano, but, as he attested, "the defendant Gladys Blake, who has possession of said piano, would not let me in the house to replevy such piano. Therefore, I return this Order of Replevin unserved and unsatisfied." The record does not show whether the sheriff also attempted to serve the writ, summons and complaint. It is clear, however, that the writ, summons, and complaint have never been served.

The plaintiff filed a motion for contempt, alleging that the defendants "violated and disobeyed the Order for Prejudgment Remedy in that they refused to allow a duly authorized sheriff to enter the premises wherein said piano has been wrongfully detained by the defendants, for the purpose of retaking same on behalf of the plaintiff." The plaintiff filed a rule to show cause why the defendants should not be adjudged in contempt of court for having "violated and disobeyed the Order for Prejudgment Remedy."

The defendants moved to dismiss the prejudgment remedy under General Statutes § 52-278j,[1] in that more than ninety days from the issuance of the replevy order had passed without service of the writ, summons, and complaint. They then filed claims of law raising again the jurisdictional issue of their motion to dismiss the replevy order for lack of service within the ninety-day period required by General Statutes § 52-278j. In response to the rule to show cause the defendants again "specifically [brought] the court's attention to defendants' claim of lack of jurisdiction . . . ." At the hearing on the plaintiff's motion for contempt and rule to show cause the defendants raised the issue yet again.

The trial court did not address the defendants' repeated jurisdictional challenges, but concluded: "the defendants may be held in contempt for violation of the prejudgment remedy order of this court." From that finding of contempt the defendants have appealed to this court.

At the outset this court is confronted with a challenge to the jurisdiction of the Superior Court to hear the plaintiff's motion for contempt. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it 'can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction.' *Rhode Island* v. *Massachusetts,* 12 Pet. (37 U.S.) 657, 717 [1838]; *Denton* v. *Danbury,* 48 Conn. 368,

---

[1] General Statutes § 52-278j (a) provides: "If an application for a prejudgment remedy is granted but the plaintiff, within ninety days thereof, does not serve and return to court the writ, summons and complaint for which the prejudgment remedy was allowed, the court on its own motion or on the motion of any interested party may dismiss the prejudgment remedy."

372 [1880]." *Woodmont Assn.* v. *Milford,* 85 Conn. 517, 524, 84 A. 307 (1912). The point has been frequently made. See, e.g., *Kohn Display & Woodworking Co.* v. *Paragon Paint & Varnish Corporation,* 166 Conn. 446, 448, 352 A.2d 301 (1974); *East Side Civic Assn.* v. *Planning & Zoning Commission,* 161 Conn. 558, 559, 290 A.2d 348 (1971); *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966); *Felletter* v. *Thompson,* 133 Conn. 277, 280, 50 A.2d 81 (1946) *(Maltbie, C. J.).* We conclude that the trial court should have addressed the defendants' jurisdictional challenge before ruling on the plaintiff's motion for contempt. Accordingly, we hold that the court erred in failing to decide the jurisdictional claim raised by the defendants' motion to dismiss.

There is error, the judgment of the trial court is set aside and the case is remanded to the trial court for further proceedings consistent with this opinion.

In this opinion HEALEY, ARMENTANO and BRENNAN, Js., concurred.

PETERS, J. (concurring). I am troubled by the apparent readiness of the majority opinion to grant procedural priority to any challenge to judicial action as long as that challenge is couched in terms of jurisdiction. I recognize that the position taken by the majority has strong roots in history and in our case law. I doubt, however, that the interests of efficient administration of justice are best served by attaching talismanic effect to the label "jurisdictional," especially when the issue is at most one of jurisdiction over the person.

Jurisdictional issues may of course, in some cases, impinge on constitutional rights to procedural due

process. See *Hodge* v. *Hodge,* 178 Conn. 308, 318–19, 422 A.2d 280 (1979); *Shaffer* v. *Heitner,* 433 U.S. 186, 207-12, 97 S. Ct. 2569, 53 L. Ed. 2d 683 (1977). For that reason, they may require extraordinary judicial responsiveness. Cf. Dobbs, "Beyond Bootstrap: Foreclosing the Issue of Subject-Matter Jurisdiction Before Final Judgment," 51 Minn. L. Rev. 491, 520–21 (1967). Ordinarily, however, adjudication of constitutional infirmity requires a specific showing of personal injury; *Weil* v. *Miller,* 185 Conn. 495, 501, 441 A.2d 142 (1981); *Hardware Mutual Casualty Co.* v. *Premo,* 153 Conn. 465, 471, 217 A.2d 698 (1966); that is conspicuously lacking here.

There is certainly nothing inherently unconstitutional or jurisdictional in time constraints. We ourselves have refused to hold jurisdictional the provision in Practice Book § 3007 that imposes a twenty day limitation on appeals to this court. *LaReau* v. *Reincke,* 158 Conn. 486, 492–93, 264 A.2d 576 (1969). See also *Reeb* v. *Economic Opportunity Atlanta, Inc.,* 516 F.2d 924, 926–27 (5th Cir. 1975); *Philbrick* v. *Huff,* 60 Cal. App. 3d 633, 640–41, 131 Cal. Rptr. 733 (1976).

On the record before us, it seems to me that the plaintiff has made out a plausible case that the statute at issue, General Statutes § 52-278j, is not jurisdictional. The statute appears to empower the trial court to exercise discretion, since it states that, in proper circumstances, "the court . . . *may* dismiss the prejudgment remedy." (Emphasis added.) Authority to exercise discretion is not notably a hallmark of jurisdictional statutes. The plaintiff's version of the facts, moreover, supports its argument that the statute is nonjurisdictional. Although

the plaintiff does not deny that it failed to serve the defendant *after* the granting of the prejudgment remedy, it maintains that the defendant was properly served *prior* to the granting of the prejudgment remedy. As the plaintiff interprets § 52-278j, dismissal of the prejudgment remedy would be warranted only if the defendant had not been served at any time before the expiration of the statutory ninety day period. The statute would, in effect, establish an outer limit for the timeliness of the service of process without negating the effect of earlier service.

I concur in the result reached by the majority because it appears to me not clear whether the plaintiff's allegations about the prior service of process are sustained by the record. The briefs of the parties are conflicting on this point and this court cannot resolve that conflict.