[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS PREJUDGMENT REMEDY
The defendants, Philip S. Nucera and Ruth A. Nucera, request a dismissal under General Statute 52-278j of a prejudgment remedy of attachment because the plaintiff, Alfonso Jannotta, did not serve and return to court the writ, summons and complaint within ninety days of the court's granting of Jannotta's application for a prejudgment remedy. Because I have concluded that the attachment is not void as to the defendants, I have denied the motion to dismiss.
The facts are as follows: On April 23, 1990, the plaintiffs filed an application for a prejudgment remedy. The court set a hearing date of May 21, 1990, and directed the plaintiff to give the defendants notice thereof. The plaintiff caused the defendants to be served on May 3, 1990, with a true and attested copy of the application, the proposed writ, summons, affidavit in support of the application, and the proposed order of attachment. On May 21, 1990, the hearing was continued to May 29, 1990, when the defendant appeared and was heard. On May 29, 1990, a prejudgment remedy of attachment was allowed. On June 5, 1990, the order of attachment was recorded in the land records. On December 4, 1990, a sheriff filed in the Trumbull Town Clerk's off ice a certificate of attachment and served copies of the writ, summons and complaint on the defendants together with copies of the order of attachment. The writ was made returnable December 18, 1990, and was filed in court on December 13, 1990.
General Statutes 52-278j(a) provides that the court may dismiss a pre judgment remedy if the plaintiff does not, within CT Page 1686 ninety days after the granting of a prejudgment remedy, serve and return to court the writ, summons and complaint. This statute is as follows:
 If an application for a prejudgment remedy is granted but the plaintiff, within ninety days thereof, does not serve and return to court the writ, summons and complaint for which the prejudgment remedy was allowed, the court on its own motion or on the motion of any interested party may dismiss the prejudgment remedy.
Although the plaintiff failed to serve the defendants within ninety days after the granting of the prejudgment remedy, the plaintiff did serve the defendants prior to the granting of the prejudgment remedy and again after the ninety day period. Under the circumstances, the failure to serve the defendants within the ninety day period does not make the attachment invalid against everyone. Contrary to the defendants' contention, the language of 52-278j indicates that the statute is not jurisdictional. "The statute appears to empower the court to exercise discretion, since it states that, in proper circumstances, `the court'. . . may dismiss the prejudgment remedy." (emphasis added) Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 299 (1982) (Peters, C.J., concurring opinion). Under proper circumstances, the attachment may be voidable under General Statutes 52-285 as to "any other creditor or bona fide purchaser. . . ." The present motion to dismiss does not involve the presentation of proper circumstances by a creditor, bona fide purchaser, or other interested party.
The motion to dismiss is denied.
GEORGE N. THIM, JUDGE