[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Petrol Plus, Inc. ("Petrol Plus") is bringing this action against the Connecticut Underground Storage Tank Petroleum Clean-up Review Board (the "Board"), the members of the Board (the "Board Members") and the Commissioner of the Department of Environmental Protection (the "Commissioner of DEP") seeking alternative forums of relief.
The plaintiff seeks a temporary and permanent mandamus compelling the Board and the Board Members to act upon the applications for reimbursement for environmental clean-up costs from the Underground Storage Tank Petroleum Clean-up Fund. (the"Clean-up Fund") and to compel the defendants to arrange payment of all sums approved by the Board. In the alternative Petrol Plus is seeking a temporary and permanent injunction ordering the Board to determine the applications and payment of any sums approved by the Board.
Petrol Plus claims that it is entitled to the temporary relief requested in that the Board has failed to determine the applications within the 45 day period for determining applications for reimbursement from the Clean-up Fund as set forth in the Underground Storage Clean-up Fund Act. Connecticut General Statutes Section 22a-449a et seq. The plaintiff Petrol Plus claims that although the Board was created almost two years ago and numerous requests for reimbursement have been submitted the board has never met to act upon the said applications. This failure has occurred because the Commissioner of DEP has never formulated any regulations as required under the Act. The Board has been advised that it cannot act absent these regulations.
Petrol Plus alleges that it has paid over $950,000.00 in clean-up costs for which it claims it is entitled to reimbursement. Testimony which was elicited at the hearing indicated that it is a family owned business originating around the turn of the century and that its demise is imminent if relief does not arrive soon.
The defendants have filed a motion to dismiss. The basis of this motion is two pronged in nature, first they allege the bar of Sovereign Immunity and secondly, that the plaintiff has failed to exhaust available administrative remedies.
A motion to dismiss which challenges the jurisdiction of the court must be taken cognizance of and addressed by the court before any decision can be made on any underlying CT Page 4860 issues. Any action by the court relating to those issues would if necessary be an exercise of jurisdiction. Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297.
The defendants in their brief concede that their claim of Sovereign immunity does not apply to the purely mandamus claims. (See Defendants brief P. 2 n. 2). In view of this the court will consider the motion to dismiss only as it relates to the request for injunctive relief. It is alleged by the plaintiff Petrol Plus that the defendant members of the Board and the Board acted in excess of their statutory authority by refusing to hear and act upon the plaintiff's applications within the statutory time period because the Commissioner of DEP has failed to adopt procedural regulations.
An action which alleges that a state official has exceeded his authority will not be dismissed on the basis of sovereign immunity. In Krozser v. New Haven, 212 Conn. 451, 421, our Supreme Court, quoting from Horton v. Meskill,172 Conn. 615, 624 stated the following: "Sovereign immunity does not bar suits against state officials acting in excess of their statutory authority. . . . In addition, the state cannot use sovereign immunity as a defense in an action for declaratory or injunctive relief."
The defendants argue further that the case should be dismissed because of the failure of the plaintiff to exhaust its administrative remedies namely the filing of a claim with the Claims Commissioner of the State of Connecticut and secondly the seeking of a declaratory ruling from the Board. First as to the filing of a claim before the Claims Commissioner Petrol Plus is "merely seeking a judicially established time table for the determination and payments of its claims if any are approved by the Board." Plaintiffs Brief, pg. 9. The Claims Commissioner is only authorized to hear monetary claims against the state or one of its officials. Conn. Gen. Statutes section 4-141, 142. Petrol Plus is not seeking monetary relief but rather is seeking a hearing before the Board on its applications and payment should the Board find the various applications to be in order. Furthermore to seek a declaratory ruling from the Board would accomplish nothing since this is the same entity that told Petrol Plus it could not act on this matter pending the adoption of procedural. The defendant's motion to dismiss is denied.
A more than reasonable time has elapsed within which the Board should have adopted the procedural regulations to carry out the mandate of the statute. The Board's failure to adopt the necessary regulations and their refusal to hear the CT Page 4861 applications of the plaintiff Petrol Plus has caused the plaintiff to suffer irreparable harm.
The company known as Petrol Plus is a family owned corporation and has been closely owned since its founding around the beginning of this century. The testimony of Mr. Bogen the Executive Vice President of the Corporation indicates that because of the failure of the State to act on the applications submitted to the Board the Company is in grave danger of being forced out of business. Because of the uniqueness of this corporation having been and remaining a family business for so long a time that were it to be forced out of business because of the actions of the Board there is every likelihood that that would be its final demise causing them (the family) to suffer irreparable harm.
The only adequate remedy for the plaintiff is by way of injunctive relief.
Injunctive relief because its orders can be tailored to meet the individual needs of the plaintiff Petrol Plus and would not have an undue effect upon the operations of state government, Doe v. Heintz, 204 Conn. 17, 21, is the appropriate resolution to this matter. The court therefore orders that the Board shall have until July 10, 1981 to adopt the procedural regulations required. Should the Board fail to adopt such regulations within said time frame then the Board is hereby ordered to act upon the applications of the plaintiff Petrol Plus no later than July 29, 1991.
THE COURT, CURRAN, J.