[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO DISMISS
The issue before the court is whether the plaintiff's 8 count complaint should be dismissed on the grounds of sovereign immunity or failure to exhaust administrative remedies.
The plaintiff, doing business as two partnerships, brought suit against the State of Connecticut and the University of Connecticut Board of Trustees alleging a breach of an express contract, breach of an implied contract and other related claims. The defendants' own property known as the Branford House, Groton, and the complaint alleges that by the enactment of Special Act 34 (PA 85-34) the defendant Trustees were authorized to convey any or all of the building and enter into a ground lease of the land comprising said premises to a designated developer. The plaintiff submitted a proposal in response to defendant's request and was selected by the defendants as developer for the project and authorized plaintiff to pursue planning and zoning approvals. CT Page 6548
The defendant Trustees also voted to approve the ground lease for the land and the contract for sale of the buildings, except for time schedules, which could not be established until the local approvals were obtained.
The plaintiff further alleges that by November 17, 1986, all necessary planning and zoning approvals had been obtained and all appeal periods had expired. The defendant Trustees refused to sign the sales contract and lease, and PA 87-29 was passed purportedly repealing PA 85-34.
The plaintiff further alleges that it has expended sums of money in obtaining the approvals.
The defendants move to dismiss the complaint claiming that the plaintiff has failed to exhaust its administrative remedies and the action is barred by the doctrine of sovereign immunity.
Both parties filed memoranda of law.
 II
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687 (1985). Lack of jurisdiction once raised, must be disposed of before the case may proceed further. Baldwin Piano Organ Co. v. Blake,186 Conn. 295, 297-987 (1982). "The defense of sovereign immunity may be raised in a motion to dismiss an action against the State." Duguay v. Hopkins, 191 Conn. 222, 227 (1983).
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases." White v. Burns, 213 Conn. 307, 312 (1990) (citations omitted). Furthermore, "Statutes in derogation of sovereign immunity should be strictly construed. . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." Id.
According to the plaintiff, sovereign immunity has been waived by the enactment of Connecticut General Statutes section 4-61, which provides in pertinent part:
 Section 4-61. Actions against the state on highway and public works contracts. Arbitration. (a) Any person, firm or CT Page 6549 corporation which has entered into a contract with the state, acting through any of its departments, commissions or other agencies, for the design, construction, construction management, repair or alteration of any highway, bridge, building or other public works of the state or any political subdivision of the state may, in the event of any disputed claims under such contract, bring an action against the state to the superior court for the judicial district of Hartford-Britain* for the purpose of having such claims determined, provided notice of the general nature of such claims shall have been given in writing to the department administering the contract not later than two years after the acceptance of the work by the agency head evidenced by a certificate of acceptance issued to the contractor. No action shall be brought under this subsection later than three years from the date of such acceptance of the work by the agency head as so evidenced. Acceptance of an amount offered as final payment shall not preclude any person, firm or corporation from bringing a claim under this section. Such action shall be tried to the court without a jury. All legal defenses except governmental immunity shall be reserved to the state. Any action brought under this section shall be privileged in respect to assignment for trial upon motion of either party.
(emphasis added).
Claims against the University of Connecticut are, in effect, claims against the state and are subject to dismissal on the grounds of sovereign immunity. See Fetterman v. University of Connecticut, 192 Conn. 539, 550 (1984). The plaintiff alleges the existence of a contract and for the purpose of this motion, the court treats that allegation as true.
A contract may exist between the parties, as evidenced by their words and actions, even though there is no written document signed by the parties. See Steeltech Building Products, Inc. v. Edward Sutt Associates, Inc., 18 Conn. App. 469, 471-72
(1989).
Section 4-61 of the General Statutes is an express CT Page 6550 waiver of sovereign immunity applicable to actions brought against the state on contracts involving the construction of public works between the state and other parties. The crucial phrase in the statute is the one defining what kind of contract comes within the statute:
 ". . . a contract. . . for the design, construction, repair or alteration of any state highway, bridge, building or other public works of the state. . ."
Berger, Lehman Associates v. State, 179 Conn. 352, 355 (1979). Although the complaint could have included more specificity concerning the provisions of the contract, it can be reasonably inferred that the plaintiff was obtaining the local zoning approvals pursuant to a contract to commence development, repair and renovation of the state's building or public works. . As such, it comes within General Statutes section 4-61 (a). Therefore, the state has waived its sovereign immunity with respect to the plaintiff's claim.
 III
The defendants further claim that the plaintiff's complaint should be dismissed on the ground that it has failed to exhaust its administrative remedies. The defendants argue that the plaintiff is aware of such remedy and points to file #10294 pending in the office of the Claims Commission. The claim letter appended to defendants' brief indicate that the claim was filed by the plaintiff in April 1988, over three years ago. The defendants have not shown that the plaintiff delayed the proceeding before the Claims Commission or were in any way responsible for the failure of the Commission to hold a hearing and render a decision on the claim. On this record this court cannot find that the plaintiff failed to exhaust its administrative remedies.
 IV
The court notes that General Statutes section 4-61
authorizes suit to be brought in the Superior Court, Hartford New Britain Judicial District, however, as neither party has raised the issue of venue, the court will not consider it.
The motion to dismiss is denied.
TELLER, J.