[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: SUBJECT MATTER JURISDICTION
This matter came before the court on March 2, 1992 for a hearing on defendant's motion to dissolve a prejudgment remedy. At the beginning of the hearing defendants stated that the court had no subject matter jurisdiction for reasons discussed below.
Defendant's correctly note at page 2 of their brief:
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken in the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction" Baldwin Piano and Organ Company vs. Blake,186 Conn. 295, 29; 442 A.2d 183 (1982) Quoting from Rhode Island v. Massachusetts, 12 Pet. (37 U.S.) 657, 717 (1838).
Defendants advance two reasons for their claim of lack of subject matter jurisdiction: CT Page 2371
1) There was no hearing on the application for the prejudgment remedy within the statutorily prescribed 30 days of the original hearing date (September 9, 1991).
2) No signed process was served on the defendants, therefore, there is no complaint pending in this matter.
I. The Prejudgment Remedy Application
Defendant's claim that the prejudgment remedy application in this case must be considered withdrawn is absolutely correct. Conn. Gen. Statutes 52-278j (b) provides in relevant part;
". . . if a date for a hearing upon a prejudgment remedy is scheduled by the clerk and such hearing is not commenced within thirty days thereof, except as provided in 52-278 e, the court shall order the application to be considered as having been withdrawn."
Plaintiff concedes that no hearing was held within 30 days of the September 9, 1991 date set by the clerk, but this withdrawal in no way affects the court's subject matter jurisdiction. No prejudgement remedy was ever ordered pursuant to that application.
Defendant attached certain property of the defendants ex parte pursuant to a claimed commercial waiver under Conn. Gen. Statutes 52-278f which states:
Conn. Gen. Statutes 52-278f: Effect of waiver of notice and hearing in commercial transactions.
In an action upon a commercial transaction, as defined in52-278a wherein the defendant has waived his right to a notice and hearing under sections 52-278a to 52-278g, inclusive, the attorney for the plaintiff shall issue the writ for a prejudgment remedy without securing a court order provided that the complaint shall set forth a copy of the waiver.
This ex parte prejudgment remedy is precisely what defendants seek to dissolve. Their perplexing claim that the court has no subject matter jurisdiction to hear their own claim for relief has no basis in law. Conn. Gen. Statutes 52-278d
(c), 52-278k and 52-304 all authorize the court to modify, substitute for or dissolve prejudgment remedies and attachments.
II. The Claim of Unsigned Process
This claim does not require extended discussion. It CT Page 2372 is not necessary to analyze whether an unsigned complaint or writ implicates subject matter jurisdiction or waivable in personam jurisdiction. The court has examined the court file and the writ of summons and complaint are in fact signed by plaintiff's counsel. The sheriffs return states that true and attested copies of the legal process were served on defendants. The work "unsigned" in the sheriff's return is before the word order (prejudgment remedy order) and modifies only that word. The process fully complies with Conn. Gen. Statutes 52-45a as to the court to which the process is returnable, the return day, the complaint and the date and place for filing an appearance.
The court is satisfied that it has subject matter jurisdiction. The hearing shall proceed on the re-scheduled date.
E. EUGENE SPEAR, JUDGE