[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff instituted the present action against an attorney and a partnership of attorneys seeking monetary damages for the conduct of the defendants beginning in the mid 1960's. The defendant partnership has moved to dismiss the action claiming that service of process was improper inasmuch as service was made upon an individual who was not a partner in the firm at the time service of process was made.
The complaint was dated and served on August 26, 1992 with a return date of October 20, 1992. The complaint was filed in the Superior Court on October 5, 1992. An appearance on behalf of the partnership defendant, dated August 28, 1992, was filed in the Superior Court on September 2, 1992 over a month prior to the time the complaint was filed in the Superior Court. On October 29, 1992, the defendants filed a motion for extension of time within which to plead until fifteen days after a hearing and a decision on a related matter was issued. The time within which the defendants should plead was extended by the court to December 21, 1992. On December 21, 1992, at 10:09 a.m., the defendant partnership filed its motion to dismiss. Also on December 21, 1992, at 1:55 p. m., the defendant partnership filed a request to revise the complaint.
Under General Statutes 52-46a, process returnable to the Superior Court shall be returned to the clerk at least six days before the return day and the filing of the complaint by the CT Page 1893 plaintiff on October 5, 1992 complies with that requirement. Under Practice Book 66 an appearance should be filed on or before the second day following the return day but, under Practice Book 64(b), any party may file an appearance "(After) the writ has been filed." Accordingly, the court holds that the appearance on behalf of the defendant partnership, although bearing an earlier filing date, should be viewed as being filed as of the date of the filing of the complaint on October 5th. The motion to extend the time within which to plead, filed on October 29, 1992 was within the time period allowed for pleadings as set forth in Practice Book 114 and, therefore, the motion to dismiss of December 21st is within the 30 days within which a motion to dismiss must be filed as set forth in Practice Book 142. Accordingly, the court holds that the defendant has not waived its right to file a motion to dismiss on the grounds asserted.
Under Practice Book 112, the order of pleading shall be: (1) plaintiff's complaint; (2) the defendant's motion to dismiss the complaint and (3) the defendant's request to revise the complaint. Under Practice Book 113, unless the court otherwise orders, "the filing of any pleading provided for in the preceding section will waive the right to file any pleading which might have been filed in due order and which precedes it in the order of pleading provided in that section." In the present case, the defendant partnership filed a request to revise the complaint after having filed a motion to dismiss and without requesting the court to vary the order of pleadings provided for in Practice Book 113.
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted) Baldwin Piano and Organ Co. v. Blake, 186 Conn. 295, 297 (1982). The filing by the partnership defendant of a request to revise the complaint is inconsistent with a claim of lack of jurisdiction of the court and such a request is within the order of pleading set forth in Practice Book 112. Accordingly, the court holds that the filing of the request to revise the complaint constitutes a waiver of the motion to dismiss.
Accordingly, the motion to dismiss the complaint is denied.
RUSH, J. CT Page 1894