[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONON MOTION TO DISMISS
Introduction
The plaintiff, Francesca Arbucci, commenced this action against the Farmers and Mechanics Bank ("bank"), Heller, Heller McCoy ("law firm") and Betty Gibson, deputy sheriff of New London County alleging that in August, 1991, following a judgment of foreclosure in its favor, the defendant bank, through the defendant law firm and the defendant sheriff, wrongfully ejected her from her son's premises located at 281 Boston Post Road in Old Lyme. The plaintiff alleges that she was a tenant in possession of this property and that although the defendants had actual knowledge of this fact, she was not given notice of the ejectment action against her son, nor was she named as a defendant in that proceeding.
The plaintiff claims in the first Count that the defendants deprived her of her property without due process in violation of General Statutes § 49-22 because of the absence of notice or a hearing. In her second and third counts, respectively, the plaintiff claims that the defendants negligently and intentionally inflicted emotional distress upon her.
The defendant Gibson has now moved to dismiss this action based on lack of subject matter jurisdiction. She claims that the plaintiff's cause of action, as against her, is barred by sovereign immunity.
 II. DISCUSSION
 a.
A motion to dismiss "properly attacks the jurisdiction of the court, essentially asserting the plaintiff cannot
CT Page 6206 as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) (Citations omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544 (1991). "The doctrine of sovereign immunity implicates subject matter jurisdiction. . . ." Amore v. Frankel, 228 Conn. 358, 364 (1994). Because the defendant has brought to the attention of the court the possible absence of subject matter jurisdiction, this must be passed upon "before this matter can move one step further; as any movement is necessarily the exercise of jurisdiction."Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297 (1982).
"When a court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations in the complaint in their most favorable light."Reynolds v. Soffer, 183 Conn. 67, 68 (1981). It is in this posture that the court will examine the pleadings to determine if sovereign immunity strips this court of subject matter jurisdiction.
 b.
This case presents the issue of whether an individual may sue a deputy sheriff for claims arising out of a wrongful ejectment. This court concludes that in the context of this case, sovereign immunity does not deprive the court of jurisdiction, and therefore the plaintiff may proceed with her action.
"It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases."White v. Burns, 213 Conn. 307, 312 (1990), quoting Duguay v.Hopkins, 191 Conn. 222, 227 (1983). "[B]ecause the state can act only through its officers and agents, a suit against a state officer concerning a matter in which the officer represents the state is, in effect, against the state." Sentner v.Board of Trustees, 184 Conn. 339, 342 (1981).
The deputy sheriff is clearly an officer of the state. See Antinerella v. Rioux, 229 Conn. 479 (1994). The plaintiff has specifically alleged in her complaint that Gibson was acting in her capacity as deputy sheriff. Therefore, the doctrine of sovereign immunity would bar the plaintiff's claim unless it has been waived by appropriate legislation.[1]
CT Page 6207
The plaintiff argues that General Statutes §§ 6-30 and6-30a provide the express consent of the state to be sued.
General Statutes § 6-30 states:
 No person shall enter upon the duties of sheriff until he executes a bond of ten thousand dollars, to the acceptance of the governor, payable to the state, conditioned that he will faithfully discharge the duties of his office, including his duties when serving as deputy of another sheriff under the provisions of section 6-38, and answer all damages which any person may sustain by his unfaithfulness, malfeasance, wrongdoing, misfeasance or neglect. . . .
(Emphasis added.)
General Statutes § 6-30a requires sheriffs to acquire liability insurance and provides in relevant part:
 Each sheriff and deputy sheriff . . . shall be required to carry personal liability insurance for damages caused by reason of his tortious acts. . . . For the purpose of this section "tortious act" means negligent acts, errors or omissions for which such sheriff or deputy sheriff may become legally obligated to any damages for false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel slander, defamation of character, violation of property rights or assault and battery if committed while making or attempting to make an arrest or against a person under arrest. . . .
(Emphasis added.)
The defendant argues that "these statutes do not waive the sheriff's right of sovereign immunity since these statutes do not contain any language which can be construed as waiving sovereign immunity or providing for a direct action against a sheriff or a deputy." The defendant relies CT Page 6208 exclusively on the trial court decision in Antinerella v. Rioux, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 512582 (December 23, 1992, Hennessey, J.), rev'd, 229 Conn. 479 (1994), in support of her position. However, in addition to being factually distinguishable,Antinerella was reversed on appeal, and the precise issue raised by this motion was not resolved.[2]
Contrary to the defendant's assertions, it is this court's view that General Statutes §§ 6-30 and 6-30a, when read collectively, do contain language providing for the waiver of sovereign immunity. These sections specifically provide that sheriffs must "answer" and "be responsible" for their malfeasance and wrongdoing. Sheriffs are statutorily compelled to carry liability insurance for damage caused by their tortious acts, which acts include violation of property rights. While these statutes may not contain the express literal waiver of immunity that the defendant asserts is required, the legislature's clear intention to waive immunity in these circumstances is disclosed "by force of necessary implication" from the language used. Baker v. Ives, supra, 298.
The defendant further argues that she is protected from suit by virtue of General Statutes § 4-165,[3] which grants immunity to state officers from personal liability and provides a method for the state to be sued instead. This court believes that it would be inconsistent and anomalous to require sheriffs to carry liability insurance and execute a bond if they were intended to be immune from suit. The legislative history of § 6-30a indicates that this manifestly was not the intended result.
Representative Tulisano stated, on the floor of the house, that the purpose of this legislation was to "make sure that the public is protected from any acts which the sheriff may incur in the event that he does not have personal assets of his own to cover either misservice of process, assault or battery or any other [of] these items listed in the statute." 19 H.R. Proc., Pt 2, 1976 Sess., p. 494. In response to a question concerning whether state funds would be expended for the purchase of insurance or to reimburse sheriffs, Mr. Tulisano responded "it is absolutely the intention of this bill to have it be a personal liability of the sheriff and not the state." Id., remarks of Rep. Tulisano. CT Page 6209
"In interpreting a statute, the court must ascertain and give effect to the intent of the legislature." White v.Burns, supra, 311. The intent of the legislature to protect the public from the tortious acts of sheriffs, as expressed in General Statutes §§ 6-30 and 6-30a, requires this court to deny the defendant's motion to dismiss.
MARSHALL K. BERGER, JR. JUDGE, SUPERIOR COURT