[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, filed on June 18, 1991, is an appeal from the decision of the defendant Redding Conservation Commission's approval of an application to conduct regulated actives on a parcel of land in Redding. The plaintiff, in his first amended complaint, which was amended as of right on July 2, 1991, alleged as a basis of aggrievement that his property abuts the land subject to the application. (Amended Complaint, 7/2/91, ¶¶ 20-21.) The amended complaint contained no other allegations of aggrievement. CT Page 9623
On October 22, 1991, Perkin-Elmer moved to dismiss the plaintiff's appeal for lack of subject matter jurisdiction, asserting the plaintiff's lack of aggrievement as a basis for the motion to dismiss. On November 4, 1991, the plaintiff requested to amend the complaint in order to allege as a basis of aggrievement that the plaintiff's property was within the radius of ninety feet of a wetland or watercourse involved in the decision. On November 12, 1991, this court denied the plaintiff's request to amend. However, on February 13, 1992, by request for leave to amend, the plaintiff again sought to amend the complaint to allege as an additional basis of aggrievement that the plaintiff's property was within the radius of ninety feet of a wetland or watercourse involved in the decision. On June 25, 1992, this court overruled Perkin-Elmer's objection to the request to amend, thus permitting the plaintiff to amend the complaint.
On January 28, 1993, this court denied the defendant's motion to dismiss by written opinion.[1] Grieco v. ReddingConservation Commission, Superior Court, judicial district of Danbury, Docket No. 306219 (January 28, 1993). The court found the plaintiff aggrieved by virtue of the allegations in the second amended complaint, i.e. that the plaintiff's property was within ninety feet of a watercourse affected by the subject application. The court, however, found that the plaintiff had failed to prove the allegations of aggrievement contained in the first amended complaint, i.e. that the plaintiff's property abutted the subject property.
"There exists no Practice Book rule or statutory provision that authorizes a motion for reargument or reconsideration in the Superior Court. As a practical matter, however, such a motion is recognized and allowed in the discretion of the trial court." Anderson v. Shapiro, 2 CSCR 887 (July 29, 1987, Licari, J.). The defendant Perkin-Elmer's motion to reargue offers to the court case law which the defendant represents was erroneously omitted from the memorandum in support of the original motion to dismiss, and the defendant requests the court to reconsider its decision regarding the motion to dismiss in light of the new case law submitted by the defendant. The motion to reargue, however, raises the issue of subject matter jurisdiction, which may be raised at any time in the proceeding. Daly v. Hartford,215 Conn. 14, 27-28, 574 A.2d 194 (1990) ("[T]he question of subject matter jurisdiction, because it addresses the basic CT Page 9624 competency of the court, can be raised by any of the parties, or by the court sua sponte, at any time." (Citations omitted.)). Accordingly, the court grants the motion to reargue and reconsider the motion to dismiss.
The defendant argues that the granting of the plaintiff's request to amend prior to ruling on the motion to dismiss was in error, because once the issue of subject matter was raised by the motion to dismiss, the court lacked authority to rule on the request to amend. Therefore, the defendant argues, the denial of the motion to dismiss, based solely on the allegations of aggrievement found only in the second amended complaint, was in error and the court is without subject matter to hear the appeal.
 It is well settled that the question of aggrievement is a jurisdictional one and that claims of aggrievement present an issue of fact for the determination of the trial court with the burden of proving aggrievement resting upon the plaintiffs who have alleged it. Nader v. Altermatt, 166 Conn. 43, 59, 347 A.2d 89
(1974). Pleading and proof of aggrievement [a]re a prerequisite to the trial court's jurisdiction over the subject matter of [an administrative] appeal. Walls v. Planning Zoning Commission, 176 Conn. 475, 476, 408 A.2d 252 (1979); Fletcher v. Planning Zoning Commission, 158 Conn. 497, 501, 264 A.2d 566
(1969).
Hartford Distributors v. Liquor Control Commission, 177 Conn. 616,622, 419 A.2d 346 (1979). "Whenever the absence of jurisdiction is brought to the notice of the Court or tribunal, cognizance of it must be taken and the matter passed upon before
it can move one step further in the cause; as any movement is necessarily the exercise of jurisdiction." (Emphasis added.)Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297,441 A.2d 183 (1982). In Gurliacci v. Mayer, 218 Conn. 531, 545,590 A.2d 914 (1991), the supreme court held that it was error for a trial court to have acted upon a plaintiff's motion to amend the complaint before ruling on a motion to dismiss asserting lack of subject matter jurisdiction. The court held that
 [i]t is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court. . . . In this case, the CT Page 9625 trial court allowed the plaintiff to amend her complaint prior to ruling on the motion to dismiss. By considering the motion to amend prior to ruling on the challenge to the court's subject matter jurisdiction, the court acted inconsistently with the rule that, as soon as the jurisdiction of the court to decide an issue is called into question, all other action in the case must come to a halt until such a determination is made.
(Citations omitted.) Id.
In Banks v. Bradley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 094968 (March 23, 1993, Lewis, J.), the defendant filed a motion to dismiss based on lack of subject matter jurisdiction prior to the plaintiff's filing of a request to amend the complaint. The request to amend would have cured the defect in the complaint which deprived the court of subject matter jurisdiction over the plaintiff's action. The court held that
 since the court's subject matter jurisdiction has been attacked, the court must dispose of the motion to dismiss. Practice Book § 176 is a method by which a party may amend its complaint but it is not a vehicle by which a party may correct a lack of subject matter jurisdiction once a motion to dismiss has been filed on that very issue. See Baldwin Piano Organ Co. v. Blake, supra, [186 Conn. 297] 297. If the court does lack subject matter jurisdiction with respect to the original complaint, then the court would lack the power to act on the request for leave to amend such a complaint. Therefore, the court cannot decide the request for leave to amend prior to a determination that subject matter exists.
Id.; see also Unisis Corp. v. Department of Labor, 8 CSCR 505
(April 23, 1993, Sullivan, J.) ("The court must act on a motion to dismiss prior to acting upon any motion to amend the complaint.").
In the present case, the fact that the court found that there was no aggrievement based on the allegations of aggrievement contained in the first amended complaint, to which the motion to dismiss was addressed, indicates that the court lacked CT Page 9626 subject matter jurisdiction to allow the filing of the second amendment to the complaint. Therefore, the allowance of the second amendment was erroneous and without effect, because the issue of subject matter jurisdiction had already been raised and the court, as a result, lacked authority to consider the request to amend. Gurliacci v. Mayer, supra, 218 Conn. 545; BaldwinPiano Organ Co. v. Blake, supra, 186 Conn. 297.
Accordingly, the court vacates its original decision on the defendant's motion to dismiss, dated January 28, 1993, insofar as it applies to Grieco v. Redding Conservation Commission, etal., Docket No. 306219. The court's finding that the plaintiff's property did not abut the property subject to the application — contrary to the plaintiff's sole allegation of aggrievement in the first amended complaint — is controlling and the court's memorandum of decision, insofar as it discusses this aspect of aggrievement, is adopted and incorporated into the present decision. Consequently, the plaintiff has failed to plead and prove aggrievement. Therefore, the court grants the defendant's motion to dismiss with respect to Grieco v. ReddingConservation Commission, et al., Docket No. 306219 on the ground that the court does not have subject matter jurisdiction over the appeal. In so doing, the court adopts so much of its earlier memorandum of decision, dated 1/28/93, and referred to above, as does not conflict with its present ruling.
#148, Motion to Reargue is granted.
#108, Motion to Dismiss is granted.
/s/ West, J. WEST