[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
On October 13, 1994 the plaintiff, Deborah Malasky, filed a three count amended complaint against defendants, Metal Products Corporation and the Birken Manufacturing Company ("BMC"). On the same day the plaintiff attempted to cite in an additional defendant, Sidney Greenberg, on the ground that Greenberg was the President and owner of Metal Products Corporation and Birken Manufacturing Company.
In count one the plaintiff alleges the following. In November, 1987 the plaintiff began working for defendant Metal Products Corporation as a Certification and Quality Control Clerk and later also worked for defendant Birken Manufacturing Company. In January of 1992, the plaintiff began to be repeatedly subjected to sexual harassment, specifically verbal and physical conduct and communication of a sexual nature. The harassment included degrading comment s about women, degrading epithets directed at the plaintiff, false disciplinary action implemented toward the plaintiff and impediments placed upon the plaintiff's ability to perform her work. The harassment was perpetrated by male agents, employees and supervisory personnel of the defendant in the course of their employment by the defendant. The plaintiff repeatedly complained of the harassment to supervisors, personnel and officers of the defendant. Defendant Metal Products Corporation and defendant BMC knew or should have known of its agents', representatives', and employees' conduct and communication and should have taken timely and appropriate action.
On March 5, 1993, the plaintiff terminated her employment as a result of the repeated humiliation and no longer being able to tolerate the abusive and offensive work environment. The conduct and communication of the defendant Metal Products Corporation, and BMC through its agents, representatives and employees, substantially interfered with the employment of the CT Page 7129 plaintiff and created an intimidating, hostile, and offensive work environment, in violation of General Statutes § 46a-60 et seq. The defendants' conduct further violated General Statutes § 46a-60 et seq. in that they failed to provide the plaintiff with employment conditions and relationships where she could safely work, free from verbal sexual harassment and intimidation; failed to respond promptly to the plaintiff's complaints of sexual harassment; failed to thoroughly investigate the plaintiff's complaints of sexual harassment; failed to discharge, suspend, reprimand, or otherwise discipline male workers and supervisors who either perpetrated, acquiesced in, or ignored the sexual harassment; failed to effectively disseminate and enforce an anti-sexual harassment policy to their management, staff and employees; failed to take appropriate action when they knew or should have known of the sexual harassment and, instead, terminated the plaintiff.
The conduct described above denied the plaintiff equal protection and civil rights guaranteed by the constitution and the laws of the State of Connecticut. As a result of the practices of the defendants, the plaintiff has lost and will continue to lose substantial income, including but not limited to, wages, social security, fringes, pension and seniority benefits, and other benefits due her.
In count two the plaintiff alleges that: she was in a subordinate position to, and was subject to, the authority of defendant Sydney Greenberg, and defendants Metal Products Corporation and BMC. The defendants intentionally inflicted emotional distress upon her by virtue of their failure to respond to her complaints of sexual harassment, and the defendants' conduct was extreme and outrageous and caused the plaintiff severe emotional distress.
In counts three and four the plaintiff alleges that the defendants negligently supervised their employees, agents and supervisors who directly sexually harassed the plaintiff. The plaintiff further alleges in count three that the defendants had a statutory duty to supervise employees, agents and supervisors such that they would not commit sexually harassing acts upon employees.
Finally, in count four the plaintiff further alleges that she suffered harm as a direct and proximate cause of the CT Page 7130 defendants' negligent failure to supervise their employees, agents and supervisors in such a way that sexual harassment perpetrated against the plaintiff would be detected, rectified and eliminated. The plaintiff alleges that she suffered emotional distress, loss of wages and benefits, and loss of future earning power.
On January 17, 1994 the defendants, Metal Products Corporation, Birken Manufacturing Company, and Sidney Greenberg, filed a motion to dismiss the plaintiff's complaint as to Sidney Greenberg on the ground that the plaintiff failed to exhaust her administrative remedies and therefore, this court lacks subject matter jurisdiction to entertain the claim against Greenberg.
The plaintiff filed an objection to the defendants motion to dismiss dated February 1, 1995.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . ." Practice Book § 143. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." Baldwin Piano Organ Co. v. Blake,786 Conn. 295, 297, 441 A.2d 183 (1982). "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; citations omitted; internal quotations omitted). Gurliacci v. Mayer, 218 Conn. 531, 544-45,590 A.2d 914 (1991).
The defendants argue that in this case, the plaintiff filed a complaint as required, with the Commission on Human Rights and Opportunities (CHRO), against defendants Metal Products Corporation and BMC, but failed to file such a complaint against Greenberg. Accordingly, the defendants argue that the complaint must be dismissed as to Greenberg. Further, the defendant argues that there is no unconditional private right of action under the Connecticut Fair Employment Practices Act (General Statutes § 46a-60 et seq.).
In response, the plaintiff argues that the Connecticut Fair Employment Practices Act does not delineate a cause of CT Page 7131 action for intentional infliction of emotional distress and therefore, such a claim is not preempted by the act and administrative exhaustion is not required. The plaintiff argues that where an administrative remedy is inadequate, administrative exhaustion is not required. Further, the plaintiff argues that if she is required to exhaust her administrative remedies she has done so as to defendant Greenberg by virtue of her specifically naming defendant Greenberg in the administrative complaint, although not in the caption of the complaint.
In Sullivan v. Board of Police Commissioners, 196 Conn. 208
(1985), the court stated that
 [r]ead in its entirety, the CFEPA not only defines important rights designed to rid the workplace of discrimination, but also vests first-order administrative oversight and enforcement of these rights in the CHRO. It is the CHRO that is charged by the act with initial responsibility for the investigation and adjudication of claims of employment discrimination.
Id., 216.
There is no unconditional private right of action under the CFEPA. Id. A party must follow the administrative route established by the legislature and failure to due so results in a lack of statutory authority to pursue such a claim in Superior Court. Id.
The plaintiff never obtained a release to sue from the CHRO pertaining to Greenberg. The plaintiff's failure to follow the prescribed administrative route enunciated in General Statutes §§ 46a-100 through 46a-104 as to Greenberg, results in this court's lack of subject matter jurisdiction. Accordingly, the defendant's motion to dismiss the plaintiff's complaint as to Greenberg is granted.
Mary R. Hennessey, Judge CT Page 7132