[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED JANUARY 16, 1996
The motion is denied. General Statutes § 47a-26b requires a defendant objecting to use and occupancy payments to file an objection within five days of the filing of the motion for use and occupancy payments. It is undisputed that the defendants failed to do this.
The defendants' claim that they were excused from doing so because they had filed a motion to dismiss implicating subject matter jurisdiction is unavailing. The record reflects that on November 9, 1995, the defendants filed a motion to dismiss based on their claim that the filing of this case violates the prior pending action doctrine. On November 11, 1995, the plaintiff filed its motion for use and occupancy payments. Defendants did not file their objection to the motion for payment of use and occupancy until December 5, 1995. Although it may be true that "everything else screeches to a halt whenever a non-frivolous jurisdictional claim is asserted," see Baldwin Piano and OrganCo. v. Vincent Blake, et al, 186 Conn. 295, 297-98 (1982), the prior pending action doctrine, although properly raised in the form of a motion to dismiss, is not a jurisdictional issue.
The November 17, 1995 filing of a supplemental memorandum of law in support of the motion to dismiss, raising for the first time the claim that the notice to quit in this case was defective,[1] is not enough to implicate the "screeching halt" doctrine. The motion to dismiss itself, the only procedural vehicle for raising jurisdictional issues, did not raise the issue of a defective notice to quit, and it can hardly be claimed CT Page 1131 that a supplemental memorandum of law, filed at the antepenultimate moment, should operate to deter the clerk from his duty to enter a use and occupancy payments order once the statutory five days had elapsed without objection.
The motion to vacate the order of use and occupancy payments is therefore denied.