[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO DISMISS #102
The plaintiff, Scott Thompson, filed a one-count complaint against the defendant, Ann Marie Jonason, on December 1, 1997. The plaintiff, a Trumbull police officer, alleges that he was injured when he fell on wooden deck stairs while, in the course of his employment, responding to a burglar alarm at the defendant's premises. On February 13, 1998, the defendant filed a motion to dismiss the complaint on the ground of insufficient service of process under General Statutes § 52-54. The defendant specifically argues that abode service was not made by the sheriff as required by § 52-54, but was incorrectly made on the commissioner of motor vehicles and by certified mail to the plaintiff's residence in Trumbull. In response, the plaintiff filed a request for leave to amend the sheriff's return and an objection to the motion to dismiss on February 25, 1998. The plaintiff concedes that the original service was defective under § 52-54[1], but argues that the sheriff made proper abode service on the defendant.[2] The plaintiff also argues that the defendant received timely notice of the suit, and that the defect can be corrected through General Statutes § 52-72,[3] since the defect was merely in the sheriff's return rather than the actual service of process.
"Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Internal quotation marks omitted.) Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297, 441 A.2d 183 (1982). "Unless service of process is properly served, the court does not acquire jurisdiction." Allen v. Freedman, Superior Court, judicial district of New Haven at New Haven, Docket No. 358124 (April 27, 1994, DeMayo, J.). Here the return of service was fatally defective pursuant to § 52-54. Furthermore, "this defect was not . . . subject to amendment pursuant to §52-72, since it appears from the sheriff's return that there was no [proper] service of the original process." Id. Therefore, the CT Page 4082 motion to dismiss is granted. However, the plaintiff is free to re-file this suit pursuant to the accidental failure of suit statute, General Statutes § 52-592.[4]
DAVID W. SKOLNICK, JUDGE