[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This summary process action was tried to the court on September 29, 1998. Defendants Harry E. Pinkus (Pinkus) and Joyce A. Whitney (Whitney), who were not then represented by counsel, raised issues challenging the court's jurisdiction. The case was continued to October 1, 1998, to provide an opportunity for final argument. On the day of final argument, counsel appeared for the defendants and moved to dismiss the action for lack of jurisdiction because each had been served with defective Notice to Quits.
The notice to quit is a condition precedent to the bringing of a summary process action. O'Keefe v. Atlantic Refining Co.,132 Conn. 613, 622 (1946); Sandrew v. Pequot Drug. Inc.,4 Conn. App. 627, 631 (1985). A defective Notice to Quit deprives the court of subject matter jurisdiction. Lampasona v. Jacobs,209 Conn. 724, 730 (1989). Whenever, lack of jurisdiction is raised, that issue must be the first resolved. Baldwin Piano Organ Co.v. Blake, 186 Conn. 295, 297-98, 441 A.2d 183 (1982); Isaac v.Mount Sinai Hospital, 3 Conn. App. 598 (1985).
By way of background, the Giulianos and Pinkus entered into a written lease with a term from December 1, 1995 through November CT Page 13928 30, 1996. Whitney was not a signatory to the lease, but she occupied the premises with Pinkus. After the term of the written lease had expired, Pinkus and Whitney remained in possession of the premises. In June of 1998, plaintiffs informed Pinkus of their intention to sell the property and asked him to speak with their realtor to arrange showing the premises. On June 28, 1998, Plaintiffs wrote to Pinkus confirming that they intended to sell, that they would not close until September 1, 1998, and that their realtor would call him to discuss showing the unit. At this point there was a breakdown in communication and/or cooperation between plaintiffs and Pinkus.
On July 14, 1998, Notices to Quit were served on Pinkus and Whitney. Both notices state in pertinent part,
 "I hereby terminate your lease and give you notice that you are to move out of the premises you occupy . . . on or before July 31, 1998, for the following reason(s): Lapse of Time. If you do not move by the date stated above, I may start an eviction action against you. Any payments tendered after service of the notice to quit will be accepted for reimbursement of any costs and attorney's fees, and for use and occupancy, with full reservation of right to continue eviction action."
As to the jurisdictional claims, the defendants contend that in a lapse of time case, the time for vacating the premises cannot be before the end of the lease — in this case, before the end of the month of July, 1998. They argue that the notices fail to provide the defendants until August 1, 1998 to vacate the premises.
A quit date on the last day of the term was held to be proper in a notice to quit for lapse of time. Connecticut Light PowerCompany VS. Dura Construction Company, No. SPN 27541, H-NB#1143 (Housing Session 1998) (Beach, J.), citing Fox v. Nathans,32 Conn. 348, 352-53 (1865).
In an additional and alternative jurisdictional claim, Pinkus contends that when the written lease expired by its terms on November 30, 1996, he became a tenant at sufferance and, as such, cannot be evicted for "lapse of time" because there is no underlying rental agreement.
This alternative claim is framed somewhat differently as to CT Page 13929 Whitney. She contends that she "was never a tenant at the demised premises". Therefore, because there is not and never was an underlying rental agreement as to her, "lapse of time" was not a proper reason on her Notice to Quit.
Paragraphs 16, 3 and 25 of the lease are pertinent to a resolution of the issues raised by the Motions to Dismiss and respectively provide, as follows:
 16. HOLD-OVER. If you continue to occupy the House with our consent after this lease ends, this lease will be on a monthly basis, in that case, either you or we can send a notice to the other and cancel lease at any time. All the other terms of this lease will still apply.
 3. USE. You will not let more than two people live in the House at any time. You also will not sublease the House or let any other people live in the House.
25. Additional occupant will be Joyce A. Whitney
The provisions of the written lease were to remain in effect during hold-over after expiration of the term on November 30, 1996. Paragraph 16 of the lease provides that "If you continue to occupy the House with our consent after this lease ends, thislease will be on a monthly basis. In that case, either you or wecan send a notice to the other and cancel lease at any time. Allthe other terms of this lease will still apply." (Emphasis supplied)
As between the plaintiffs and Pinkus who signed the lease, a rental agreement "on a monthly basis" was in effect at the time of the service of the notice to quit; hence it was proper to state "lapse of time" as the reason therein.
Whether it was proper for the Notice to Quit to state "lapse of time" as the reason for evicting Whitney must be considered further since she did not sign the lease and claims that she was not a tenant."
General Statutes Section 47a-1 defines "Tenant" as "the lessee, sublessee or person entitled under a rental agreement to occupy a dwelling unit or premises to the exclusion of others or as is otherwise defined by law. CT Page 13930
The lease provides in Paragraph 3 that Pinkus would not let more than two people live in the house at any time and in Paragraph 25 that "[a]dditional occupant will be Joyce A. Whitney," Whitney, pursuant to provisions of the written lease and as they applied during the month to month tenancy thereafter, was a "person entitled under a rental agreement to occupy to the exclusion of others." As such, it was proper to state "lapse of time" on the Notice to Quit.
The cases cited by defendants, Invest II v. The SouthernConnecticut Mental Health and Substance Abuse Treatment Center, SPBR-95 0729973, Bridgeport Housing Session (1995) and L. BowmanBanford v. Michael G. Maroon, SPN 96 1225531 #1114, Hartford. New Britain Housing Session at Hartford, (1997) are inapposite. In both, there was no rental agreement in effect at the time of the service of the notice to quit.
The motions to dismiss are denied because the Notice to Quits were not defective. Lapse of Time as a reason for terminating the month to month tenancy was proper, as was the quit date of July 31, 1998.
At the trial, Pinkus introduced a letter to him dated June 28, 1998, from plaintiff Fran Guiliano advising of plaintiffs' intent to put the dwelling up for sale and "as promised, we will not close until September 1, 1998, a little more than 60 days from now. Joan Frenette our realtor will be in touch with you in the near future to discuss the showing of the unit." Francis Guiliano testified he was trying to be as fair as possible. He had assumed he would be able to show the unit, but that he had left three messages on the defendant's machine and had never gotten a response. Defendant claims that this letter created a tenancy until September 1, 1998, which had not lapsed.
The promise "not to close until September, 1998" was made in an effort to be fair and in a spirit of cooperation. There was no evidence that it was intended to create a new tenancy. The statement did not alter or conflict with the terms of the lease and was not a novation. See, Bushnell Plaza DevelopmentCorporation V. Fazano, 38 Conn. Sup. 683, 688. (1983). Nor did it impair the rights of the Guilianos to serve a Notice to Quit or to institute a summary process action when cooperation and communication between the parties broke down.
Finally, defendant Pinkus claims that acceptance of his CT Page 13931 payments after he had been served with the Notice to Quit was a revocation or waiver of the Notice to Quit. The Notice to Quit stated that "[a]ny payments tendered after service of the notice to quit will be accepted for reimbursement of any costs and attorneys fees, and for use and occupancy, with full reservation of right to continue eviction action." Pinkus was put on notice of the basis of an acceptance of a tender and cannot prevail on this claim. See, Casner v. Resnick, 95 Conn. 201 (1920).
Judgment for possession may enter in favor of plaintiffs against defendants. Pinkus and Whitney.
Tanzer, J.