[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Neurosurgery Associates has brought this action against the defendants L L Mechanical and General Accident Insurance for fees for services rendered. The plaintiff alleges it provided medical services to Steven Langdeau who was an injured employee of L L. Under the Workers' Compensation Act, Conn. Gen CT Page 4462 Stat. 31-275 et seq., the employer is liable for payments for any medical treatment rendered to an employee injured on the job. The defendant General Accident insured the defendant L L for any expenses incurred as a result of workers compensation claims.
On January 12, 1993, this court (Parker, J.) issued a Memorandum of Decision denying the defendants' Motion to Dismiss. The defendants had raised the issue of this court's lack of subject matter jurisdiction, asserting that the Workers' Compensation Act gave the Workers' Compensation Commission the authority to resolve payment disputes between physicians and employers. Since the plaintiff had failed to utilize this available administrative remedy, the defendants claimed that this court could not act on the dispute. The plaintiff argued that there exists no provision for the determination of such a dispute by the Commission.
While the court agreed with the plaintiff and denied the motion, it did so exclusively on the basis of the inadequate record before it. In denying the Motion to Dismiss, Judge Parker expressly did not foreclose the defendants from raising the issue again on a more complete record. The memorandum states:
 If the court were convinced there is an adequate remedy for determination of the dispute in the Workers' Compensation Commission, dismissal would be warranted. On the abbreviated record before the court, it would be inappropriate to dismiss this action. Until there is a definitive record establishing whether there is or is not such a procedure at the Workers' Compensation Commission, the court cannot dismiss this action.
The defendants accepted what appeared to be a virtual invitation from the court and filed this Motion for Reconsideration.
The plaintiffs object to the motion on several procedural grounds: first, the plaintiff points out that a default has been entered against the defendants for failure to plead, so that they are not in a posture to file any motion except perhaps a Motion to Set Aside Default or some other responsive pleading. The defendants' Motion for Reconsideration was filed with the clerk on February 1, 1993, and the default was granted by the clerk on March 4, 1993. The defendants filed an objection to the entry of CT Page 4463 the default, pointing out the pendency of the Motion for Reconsideration, but the clerk's office did not receive it until after the default had been granted.
The court does not countenance the failure of the defendants to advance the pleadings within the time standards. A motion addressed to a court's previous ruling should not have the effect of relieving the movant from complying with the orderly procedures mandated by our rules of practice. However, under the circumstances, the court exercises its authority to vacate and set aside the default, sua sponte. P.B. 376.
Second, the plaintiff objects to this procedure on the grounds that there is no provision in the Practice Book for a Motion for Reconsideration. While technically true, the issue of subject matter jurisdiction can be raised at any time. Conn. P.B. 145; Baldwin Piano Organ Co. v. Blake, 186 Conn. 295, 297
(1982). The Motion to Dismiss was decided without oral argument, upon submission of briefs alone. The court clearly left an opening for the issue to be reheard with an expanded record. The court is not persuaded that the title of the defendants' motion should be determinative of or should limit the court's authority to hear an important issue of which both sides have notice and which goes to the jurisdiction of the court.
At the hearing on the instant motion, counsel for the plaintiff objected to the presentation of evidence by the defendants, arguing that he had no understanding that testimony would be offered and that he was unprepared to cross-examine the proffered witness or to present contrary evidence, although in fact the defendant's motion on its face states that the defendant "intends to produce evidence to the court." Nevertheless, the court indicated its willingness to adjourn the hearing at the close of the direct testimony of the defendant's witness to allow the plaintiff properly to prepare for cross-examination or to present a direct case of its own. The plaintiff's counsel chose to proceed with cross-examination in turn, and at the end of questioning the witness, plaintiff's counsel indicated that he was abandoning the request for further time to supplement the record.
The defendant presented as a witness the Chair of the Workers' Compensation Commission, Commissioner Jesse M. Frankl, who testified concerning the procedures utilized by the agency in adjudicating payment disputes between physicians and employers. He testified that a party to such a dispute need only file a CT Page 4464 request for an informal hearing or, if not resolved at that stage, for a formal hearing and the commissioner before whom the matter is heard would determine the dispute. The court credits his testimony and finds that there is an adequate remedy for determination of such a dispute in the Workers' Compensation Commission. It remains to decide, however, whether this is an exclusive remedy or one that must first be exhausted before resort to a Superior Court action.
From its earliest appearance in Connecticut law, the Workers' Compensation Act, first passed in 1913, has been viewed as enacting an administrative scheme. Public Acts of 1913, Chap. 138; Powers v. Hotel Bond Co., 89 Conn. 143, 138-49 (1915). The act is remedial and its provisions are to be construed broadly in order to effectuate its purpose. Id. at 146.
Nevertheless as an administrative remedy, the doctrine of exhaustion applies unless the cause falls under one of the well-recognized exceptions to the exhaustion requirement under state law. LaCroix v. Board of Education, 199 Conn. 70 (1986).[1]
In defining these exceptions, the court looks to a number of areas which may point to an exception to the exhaustion doctrine: a) whether the right existed at common law; b) whether the administrative route is inefficient and time-consuming given the ultimate relief sought; c) whether only the court rather than the agency can grant some or all of the relief sought. Cummings v. Tripp, 204 Conn. 67, 78-80 (1987). The court finds that, given these considerations, the administrative route affords a timely and adequate remedy for the plaintiffs.
Because the court has allowed exceptions to the exhaustion requirement "only infrequently and only for narrowly defined purposes," LaCroix, supra, at 79, this motion to dismiss is granted. Connecticut Life Health Ins. Guaranty Associates v. Jackson, 173 Conn. 352 (1977).
PATTY JENKINS PITTMAN, J.