[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO SET ASIDE DEFAULT
The issue before the court is whether the court should grant the defendant's motion to set aside a default which the court (Curran, J.) previously entered on January 10, 1996.
FACTS
On August 10, 1995, the plaintiff, OCI Mortgage Corporation, filed a one-count foreclosure action against the defendant, New Future Developers Corporation. On September 18, 1995, a non party, Paul Miller, filed a motion to become a party defendant because, as trustee, he holds title to the property subject to foreclosure. On October 10, 1995, the court, Curran, J., granted the motion and ordered the plaintiff to amend the complaint to state facts showing the interest of Paul Miller, Trustee.
On November 20, 1996, the plaintiff filed a request for leave to amend the complaint and an amended complaint. On November 22, 1996, defendant Miller filed an objection to the plaintiff's request for leave to amend the complaint. The court, Coppeto, J., overruled Miller's objection on December 13, 1995. On December 20, 1995, Miller filed a pro se appearance.
On January 9, 1996, the plaintiff filed a motion requesting that a default be entered against Miller for failure to plead within the required time. The court granted this motion on January 10, 1996. On January 11, 1996, the plaintiff filed a motion for judgment in strict foreclosure. The court has not yet CT Page 7729 ruled on the motion. On January 17, 1996, Miller filed a motion requesting that the court set aside the default. On January 25, 1996, the plaintiff filed an objection to Miller's motion to set aside the default. On April 29, 1996, the court, Curran, J., denied Miller's motion and sustained the plaintiff's objection.
On May 7, 1996, Miller filed, inter alia, a motion to reargue his January 17, 1996 motion to set aside the default, a motion for articulation of the court's denial of his motion on April 29, 1996, a motion to set aside the default granted entered on January 10, 1996, and a notice of his intention to appeal the court's decision rendered on April 29, 1996. On May 13, 1996, the court, Curran, J., denied Miller's motion to reargue and the motion to articulate the court's prior ruling. On May 20, 1996, the plaintiff filed an objection to Miller's second motion to set aside the default. On May 28, 1996, the court, Curran, J., denied Miller's motion to set aside the default and sustained the plaintiff's objection.
On May 7, 1996, Miller filed an answer to the amended complaint and a three-count counterclaim. In the first count, Miller alleges that the plaintiff failed to notify him of the assignment of the mortgage by the original mortgagees. In the second count, he alleges that the plaintiff "assumed liability for a violation of the automatic stay in Bankruptcy, as committed against the defendant. . . ." In the third count, Miller alleges that the plaintiff is attempting to "fraudulently obtain title to the subject premises."
On June 20, 1996, Miller filed, inter alia, a motion to reargue the motion dated May 6, 1996 to set aside the default entered against him for failure to plead and a motion for articulation of the court's denial rendered on May 29, 1996. The court, Skolnick, J., denied the motions on August 29, and on August 9, 1996, respectively.
On July 1, 1996, Miller filed, inter alia, another motion to set aside the default entered against him on January 10, 1996. In his motion, Miller argues that he did not file a responsive pleading to the plaintiff's amended complaint because he was mistaken about the required time limits. He claims that because he has answered the complaint and that he has a material defense to the allegations contained in the complaint, the court should consider his motion to set aside the default. CT Page 7730
DISCUSSION
Practice Book 363A provides that "[w]here a defendant is in default for failure to plead pursuant to Sec. 114, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar. If a party has been defaulted under this section files an answer before a judgment after default has been rendered by the court, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has ben filed the default may be set aside only by the court."
Practice Book 376 provides in pertinent part that "[a] motion to set aside a default when no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose."
Practice Book § 114 provides in part that the time to plead "shall advance at least one step within each successive period of fifteen days from the preceding pleading or the filing of the decision of the court thereon if one is required. . . ."
In the present case, the court overruled Miller's objection to amend the complaint on December 13, 1995. Pursuant to Practice Book 114, Miller had fifteen days to file a responsive pleading or be defaulted. Miller did not file a responsive pleading by December 28, 1995. Therefore, upon the plaintiff's motion filed on January 9, 1996, the court entered a default against Miller for failure to plead on January 10, 1996.
On January 11, 1996, the plaintiff filed a motion for judgment. According to Practice Book 363A, "[if] a motion forjudgment has been filed the default may be set aside only by thecourt." (Emphasis added). Practice Book 376 in part provides that "[a] motion to set aside a default when no judgment has been rendered may be granted by the court for good cause shown upon such terms as it may impose." (Emphasis added.) Miller has filed motions to set aside the default on January 17, 1996, May 7, 1996, May 20, 1996, and June 20, 1996. The court has denied these motions to set aside the default entered against him.
The provisions in the Practice Book use the word "may" not "shall." "The general rule is that the word `shall' is mandatory, not `directory.' Langan v. Weeks 37 Conn. App. 105, 121,655 A.2d 771 (1995) "We have consistently held that `may' is directory CT Page 7731 rather than mandatory. . . . [T]he word generally imports permissive conduct and the conferral of discretion." CHRO v.Truelove Maclean, Inc., 238 Conn. 337, 349, — A.2d — (1996).
"The determination of whether to set aside the default is within the discretion of the trial court." Voluntown v. Rytman,21 Conn. App. 275, 283, 573 A.2d 336, cert. denied, 215 Conn. 818,576 A.2d 548 (1990). "The court does not countenance the failure of the defendants to advance the pleadings within the time standards. A motion addressed to a court's previous ruling should not have the effect of relieving the movant from complying with the orderly procedures mandated by our rules of practice."Neurosurgery Associates v. L L, Mechanical, Superior Court, judicial district of Waterbury, Docket No. 110454 (May 6, 1993, Pittman, J., 8 CSCR 587). Because the applicable provisions of the Practice Book are directory rather than mandatory, the court, in Judge Curran and Judge Skolnick's rulings, acted within its discretion to deny Miller's motions to set aside the default entered against him.
"In essence [the law of the case doctrine] expresses the practice of judges generally to refuse to reopen what has been decided and is not a limitation on their power. . . . Where a matter has previously been ruled upon interlocutorily, the court in a subsequent proceeding in the case may treat that decision as the law of the case, if it is of the opinion that the issue was correctly decided, in the absence of some new or overriding circumstance. . . . A judge should hesitate to change his own rulings in a case and should be even more reluctant to overrule those of another judge. . . ." Breen v. Phelps, 186 Conn. 86, 99,439 A.2d 1066 (1982). The defendant Miller has previously filed a notice of intent to appeal one of the prior decisions. This court will not function as an appellate court.
Accordingly, the court denies defendant Miller's July 1, 1996 motion to set aside the default. I
A review of the procedural history of this case reveals repetitive motions addressed to this same issue which constitute abuse of legal procedures which cannot be allowed to continue indefinitely. To avoid further abuse of legal procedures, the court on its own motion further orders that the clerk of the Superior Court for Ansonia/Milford not again assign any motion to vacate or reopen the January 10, 1996 default or any motions to rehear or reargue this decision or any prior decisions made CT Page 7732 concerning the reopening of the January 10, 1996 default, under pain of the contempt powers of this court. The court also orders that the defendant Miller not again file, claim or reclaim any such motion under pain of the contempt powers of this court.
Flynn, J.